729 F.2d 563
 37 Fair Empl.Prac.Cas. 664,
33 Empl. Prac. Dec. P 34,214
Myles S. YOUNG, Appellant,
v.
Eddie POWELL, William D. Younts, Carroll Gaither, David
Bevans, J.R. Spoon, Elizabeth Cartwright, Calvin Muldrow,
The City of North Little Rock, Arkansas; The North Little
Rock Civil Service Commission; and The North Little Rock
Police Department, Appellees.
 No. 83-1432.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 18, 1983.
Decided March 9, 1984.
 
 1
 John W. Walker, Little Rock, Ark., Jack Greenberg, Ronald L. Ellis, New York City, for appellant.
 
 
 2
 Jim Hamilton, City Atty., North Little Rock, Ark., W. Paul Blume, Little Rock, Ark., for appellees.
 
 
 3
 Before JOHN R. GIBSON and FAGG, Circuit Judges, and HUNTER,* Senior District Judge.
 
 
 4
 ELMO B. HUNTER, Senior District Judge.
 
 
 5
 Appellant, Myles S. Young, filed this lawsuit in 1976 alleging racial discrimination in employment in violation of 42 U.S.C. Secs. 1981, 1983 and 2000e et seq. Appellant is a black resident of Little Rock, Arkansas, and was at the time the complaint was filed, a police officer with the North Little Rock Police Department. Young alleged that he was discriminatorily denied the opportunity to attend training schools, that he was harassed by white officers, and that he was unfairly disciplined. In addition, he alleged that the defendants historically discriminated against blacks in the initial hiring process and that the defendants maintained testing procedures which unfairly disqualified blacks. The relief prayed for in the complaint included: (1) a declaratory judgment that actions of defendants violate plaintiff's federally guaranteed civil rights; (2) an injunction prohibiting defendants from engaging in the illegal policies complained of; (3) an order requiring defendants to institute an affirmative action program; (4) an award of costs and attorney fees; and (5) such other relief as may be necessary and proper.
 
 
 6
 Young moved to amend his complaint to allege class allegations and moved for class certification. Shortly before the time set for trial, with these motions still pending, the parties submitted a settlement agreement to the district court. The agreement stated that the parties had agreed that the action should be maintained as a class action. The defendants disavowed any liability and stated that settlement was entered into to avoid the expense and inconvenience of protracted litigation. The defendants agreed to obey the law in their employment practices and to establish a goal of minority hiring. The defendants also agreed to utilize objective standards and testing for employee selection process. The settlement agreement also provided for training programs, equal notice of job opportunities, and semi-annual progress reports. Finally, the agreement provided that black persons with monetary claims against the defendants as a result of rejection or termination would be given notice of the settlement and of the opportunity to file claims for monetary relief. There was no provision for monetary relief for the plaintiff. Because the district court found that the defendants' attorney did not have authority to enter into the settlement agreement, and because of a further finding that the settlement was not a complete settlement of the case, the settlement was disallowed.
 
 
 7
 The case was reset for trial on April 28, 1982. With leave of Court the plaintiff filed an amended complaint on February 8, 1982, to add as necessary parties the newly elected mayor and city councilmen, and new members of the Civil Service Commission. The amended complaint tracked the language of the original complaint, and sought the same relief.
 
 
 8
 On April 21, 1982, the parties filed a stipulation for dismissal. The parties stipulated that the action still only involved plaintiff's individual action, that in order to avoid the expense and inconvenience of litigation the parties had entered into an agreement that resolved all disputed issues of the complaint, that any allegations of class discrimination were withdrawn, that the individual action should be dismissed with prejudice, and that such dismissal would be without prejudice to any allegations of class discrimination. Following dismissal of the action, plaintiff's attorney filed an application for fees under 42 U.S.C. Sec. 1988.
 
 
 9
 Plaintiff's counsel claimed that, since plaintiff obtained a cash settlement of $3,000 from defendant, plaintiff was a "prevailing party" under the statute and was therefore entitled to an award of attorney's fees. Alternatively, plaintiff's counsel argued that the lawsuit did, in fact, effect class wide changes. He claimed that plaintiff's lawsuit played a material role in an investigation and subsequent suit by the Justice Department, and that the Justice Department's suit resulted in a settlement calling for affirmative action hiring practices, increased promotional opportunities for blacks and other changes in policy on the part of defendants. The district court found that the plaintiff did not succeed in obtaining any relief sought, and was thus not a prevailing party in the action before the court. Additionally, the court found that success by another litigant in a different lawsuit could not make the plaintiff a prevailing party in plaintiff's lawsuit. For the reasons stated below, we affirm the denial of attorney's fees by the district court.
 
 
 10
 Whether a plaintiff who specifically asks only for declaratory and injunctive relief and who subsequently settles for a monetary sum can be a "prevailing party" and therefore entitled to attorney's fees under 42 U.S.C. Sec. 1988 and whether the "catalyst theory" can be extended to include results obtained in subsequent litigation are not issues we need to address to dispose of the case before us. In this case, plaintiff entered into and filed a voluntary stipulation for dismissal which advised the district court that the disputed issues had been resolved and that all of plaintiff's individual allegations should be dismissed with prejudice. The district court complied with the wishes of the parties and dismissed the case in its entirety. Two months later, plaintiff's attorney filed an application for attorney's fees in the amount of $24,413.79.
 
 
 11
 The district judge did not base his ruling on a finding that the settlement disposed of the attorney's fee issue. The court's opinion, however, made it clear that this was of concern to the Court:
 
 
 12
 [T]he court is convinced that, on the facts of this case, the policy favoring settlements would be seriously undermined by an award of attorneys' fees. The defendant city officials decided to settle the plaintiff's claim for $3,000. The Court is doubtful that the defendants would have accepted those settlement terms if they had any idea that by doing so they would obligate themselves to pay up to $24,000 to plaintiff's attorney.
 
 
 13
 The stipulation for dismissal on its face disposes of all disputed issues between plaintiff and defendants. The question becomes whether the issue of attorney's fees is an issue in the case, or is entirely separate from the action.
 
 
 14
 The Supreme Court has held that a request for attorney's fees is not inherently or necessarily subsumed by a decision on the merits, and that the issue is uniquely separable from the cause of action to be proved at trial. White v. New Hampshire Department of Employment Security, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982). The Court did not resolve the split in the circuits pertaining to the rationale for their holding, but came close to approving the position taken by the circuit. Id, at 456, 102 S.Ct. at 1168 (Blackmun, J., concurring). The position taken by this circuit is that a motion for attorney's fees can be made after the time for filing a motion to amend judgment under Fed.R.Civ.P. 59(e) has passed because the motion raises a "collateral and independent claim." Obin v. District No. 9, Int'l Assn. of Machinists and Aerospace Workers, 651 F.2d 574 (8th Cir.1981). Thus, a district court may hear a motion for the allowance of attorney's fees notwithstanding the fact that an appeal has been taken from the judgment on the merits. Rule 59 time limits are not controlling because a motion for attorney's fees does not imply a change in the judgment but merely seeks what is due because of the judgment. Id. at 581. Rule 59 is generally invoked only to support reconsideration of matters properly encompassed in a decision on the merits and was never intended to apply to a request for attorney's fees. White, 455 U.S. at 451, 102 S.Ct. at 1166.
 
 
 15
 The decisions holding that a claim for attorney's fees is separable from the principal claim after a judgment on the merits do not hold that such a claim is not a disputed issue in the particular case. The bifurcated process outlined by the cases arises because Section 1988 provides for attorney's fees only to a "prevailing party." "Regardless of when attorney's fees are requested, the court's decision of entitlement to fees will therefore require an inquiry separate from the decision on the merits--an inquiry that cannot even commence until one party has 'prevailed.' " Id. at 451-52, 102 S.Ct. at 1166. No such problem arises when the parties have agreed that they settled the disputed issues in a case and stipulate to a dismissal of the action. Attorney's fees were prayed for in the original complaint and were one of the issues involved in this case. As such they were clearly within the scope of the settlement agreement of the parties.
 
 
 16
 The case before us does not involve a situation wherein a settlement was finalized by a consent decree[1] or wherein the parties stipulated to a dismissal, reserving the question of attorney's fees.[2] Rather, the parties agreed (1) that the disputed issues had been resolved; and (2) that the case as it then stood would be dismissed upon the payment to the plaintiff of a specific sum of money. Furthermore, we have carefully examined the record and have found no indication that the stipulation of settlement and dismissal was entered into as a result of fraud, misconduct of the defendants, mutual mistake, or any other reason that might justify modification or reformation of the settlement agreement or relief from the order and judgment of dismissal. There is no reason offered why the parties should not be bound by their agreement under basic principles of contract.[3] The district court was correct in denying an award of attorney's fees.
 
 
 17
 Affirmed.
 
 
 18
 FAGG, Circuit Judge, concurs in the result only.
 
 
 
 *
 Elmo B. Hunter, Senior District Judge, Western District of Missouri, sitting by designation
 
 
 [1]
 See Maher v. Gagne, 448 U.S. 122, 124, 100 S.Ct. 2570, 2572, 65 L.Ed.2d 653 (1980), Nadeau v. Helgemoe, 581 F.2d 275, 277 (1st Cir.1978)
 
 
 [2]
 See Jaquette v. Black Hawk County, 710 F.2d 455, 456-7 (8th Cir.1983) (Express stipulation in settlement that plaintiff was "prevailing party," amount of fees to be determined by the court.), United Handicapped Federation v. Andre, 622 F.2d 342, 345 (8th Cir.1980) (Stipulation to dismiss resolved "fully and completely all claims of the parties to this Stipulation, save and except the question of Plaintiff's attorney's fees and costs."), Disabled in Action v. Mayor & City Council, etc., 685 F.2d 881, 883 (4th Cir.1982) ("Plaintiffs then moved to dismiss the court action except for a motion for an award of attorney's fees."), Ward v. Schweiker, 562 F.Supp. 1173, 1174 (W.D.Mo.1983) ("The stipulated dismissal expressly preserved for judicial resolution any application by plaintiffs for attorney's fees.")
 
 
 [3]
 If a settlement does not resolve all issues in a case, the parties should not stipulate to a dismissal without reserving the unresolved issues or in some appropriate way indicating their intent as to such issues