**Randy E. PILLIARD, Plaintiff,**

v.

**Trooper Mike MEYER, et al., Defendants.**

No. N86–0127C.

United States District Court, E.D. Missouri, N.D.

Aug. 3, 1988.

Lee R. Elliott, Troy, Mo., for plaintiff.

Vicky Mahan, Asst. Atty. Gen., Jefferson City, Mo., for Meyer.

John M. McIlroy, Jr., Bowling Green, Mo., for Cleaver.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on plaintiff's motion to assess costs pursuant to 42 U.S.C. § 1988 and defendants' motion for sanctions pursuant to Fed.R.Civ.P. 11. The underlying dispute arose out of plaintiff's arrest in May 1985 for driving while intoxicated and various other offenses. Plaintiff asserts that defendant Mike Meyer, a Missouri State Highway Patrolman, employed excessive force in effectuating the arrest and that defendant Cleaver, a Pike County Deputy Sheriff, who assisted Meyer in the arrest, subjected plaintiff to excessive force once he was in custody and deliberately delayed necessary medical treatment.

On the basis of these allegations, plaintiff brought suit pursuant to 42 U.S.C. § 1983 against defendants individually and in their official capacities for various violations of his constitutional rights. Plaintiff also asserted various state law causes of action and sought to recover $70,000 in compensatory and punitive damages as well as attorney fees and costs.

The matter was set for trial on April 20, 1987 before the Honorable Edward L. Filippine, United States District Judge, and passed for settlement on the morning of trial. At that time the parties signed and filed the following memorandum of dismissal with the Court:

### Settlement Dismissal

Come now the parties and announce settlement, cause is ordered [d]ismissed with prejudice at costs of defendants.
Plaintiff's Exhibit I

The parties further memorialized their agreement to settle the case in the following manner:

### Memo

Come now the parties and settle on the basis of defendant Cleaver paying $1,500.00 to plaintiff and defendants paying the costs. Case to be dismissed with prejudice by plaintiff and both defendants agree not to file any claim against plaintiff arising out of this incident or lawsuit.

Plaintiff's Exhibit II

This document was not filed with the Court but was executed by counsel for all parties.

Subsequently, plaintiff filed a motion to assess costs pursuant to 42 U.S.C. § 1988 seeking an award of $6,912.05 including $5,797.50 in attorney's fees and $594.00 in out-of-pocket attorney expenses. In support of this motion plaintiff asserts that he is a "prevailing party" and that pursuant to § 1988 "the court, in its discretion, may allow the prevailing party [in a § 1983 action] ... a reasonable attorney's fee as

part of the costs." 42 U.S.C.A. § 1988 (1981).

Defendants oppose the motion to assess costs insofar as plaintiff seeks to recover attorney's fees and expenses asserting (1) that due to the plaintiff's dismissal of this action with prejudice the Court is without authority to consider an award of attorney's fees pursuant to § 1988; (2) that plaintiff is not a prevailing party within the meaning of § 1988; and (3) even if plaintiff is considered a prevailing party the Court should exercise its discretion to deny the fee award because the parties' settlement agreement did not contemplate that attorney's fees would be included as an element of "costs."

■ The Court finds defendants' first contention dispositive of the issues before it. Where, as here, the parties agree to settle their dispute and enter into a stipulation for dismissal without expressly reserving the question of attorney's fees for future determination, the Eighth Circuit has upheld the denial of a post-dismissal motion for attorney's fees pursuant to § 1988. See Young v. Powell, 729 F.2d 563, 566 (8th Cir.1984).

In Young, 729 F.2d at 565, the plaintiff obtained a $3,000 cash settlement and the parties stipulated to the dismissal of the action on the basis of a settlement agreement which provided that "the disputed issues" in the complaint had been resolved. The district court denied plaintiff's subsequent application for $24,413.79 in attorney's fees and the Eighth Circuit affirmed reasoning that attorney's fees, which were prayed for in the complaint, "were one of the issues involved in [the] case" and as such "clearly within the scope" of the parties' settlement agreement." Id. at 566.

Each of the following facts persuades the Court that the principles announced in Young are applicable to the case at bar and that the issue of attorney's fees was therefore resolved by the parties' settlement of this cause: plaintiff's complaint includes a prayer for attorney's fees as well as costs; plaintiff agreed to dismiss this action with prejudice; and the memorandum of dismissal and the settlement agreement specify that defendants shall pay the costs of the action but fail to explicitly reserve the question of attorney's fees for future determination.

Plaintiff's argument, stated in terms of Young, is that defendants' agreement to pay the costs of this action amounts to an express reservation of the attorney's fees issue because the statutory language of § 1988 includes attorney's fees as an element of costs. Young and the cases cited therein do not support plaintiff's contention. See 729 F.2d at 566 n. 2. Although the Eighth Circuit in Young allowed that the parties might settle a case and yet preserve the issue of attorney's fees, in each case where the court concluded that settlement of the action had not resolved the issue of attorney's fees, the parties had explicitly preserved the issue for judicial determination. Id.; see, e.g., United Handicapped Federation v. Andre, 622 F.2d 342, 345 (8th Cir.1980); Ward v. Schweiker, 562 F.Supp. 1173, 1174 (W.D. Mo.1983). Moreover, although in Young the Eighth Circuit dealt with a case falling within the purview of § 1988, nowhere in its opinion did the court suggest that reserving the issue of costs was equivalent to reserving the issue of attorney's fees. Finally, prior to the drafting of the dismissal and the settlement agreement, the plaintiff distinguished costs and attorney fees as separate elements of recovery. See Plaintiff's Complaint ¶ 18.3. Thus, the Court cannot now accept plaintiff's assertion that defendants' agreement to pay the costs of the action amounts to an agreement to pay attorney's fees.

■ Plaintiff also contends that the settlement agreement should be construed in his favor to include fees as an element of costs because the agreement was "drafted" by the attorney for defendant Cleaver; see Plaintiff's Response to Defendant Cleaver's Objection to Plaintiff's Motion to Assess Costs at 7; and that defendants erred by failing to define "costs" to exclude an award of attorney's fees. The Court does not agree. In the context of settlement negotiations, such as these, "the burden of preserving the complaint's demand for fees

from preclusion by the [settlement agreement] is properly assigned to the party whose compensation is at stake." *Elmore v. Shuler*, 787 F.2d 601, 603 (D.C.Cir.1986). Thus plaintiff was not as he suggests entitled to maintain a "strategic silence" on the meaning he attributed to the term "costs" as used in the settlement agreement and nevertheless obtain a fee award as an element of costs. Plaintiff's Response to Defendant Cleaver's Objection to Plaintiff's Motion to Assess Costs at 2.

For all of the reasons stated above, the Court concludes that the parties' settlement agreement and plaintiff's dismissal of this action with prejudice preclude an award of attorney's fees pursuant to 42 U.S.C. § 1988. Moreover, because the $594.00 in out-of-pocket expenses which plaintiff seeks are only recoverable as "costs" pursuant to 42 U.S.C. § 1988 but not under the traditional definition of "costs" found in 28 U.S.C. § 1920, plaintiff's request for an award of these expenses is denied.

 Defendants move for sanctions pursuant to Fed.R.Civ.P. 11 asserting that plaintiff's motion for the assessment of attorney's fees as costs was without legal foundation and propounded in bad faith. Although the Court concludes that plaintiff is not entitled to an award of attorney's fees, the Court does not find this an appropriate case for the imposition of sanctions. Plaintiff's motion, although flawed, does not evidence either a lack of "reasonable inquiry" or "improper purpose." Fed.R. Civ.P. 11. Accordingly, defendants' motion for sanctions must fail.

### ORDER

Pursuant to the memorandum filed herein on this date,

IT IS HEREBY ORDERED that defendant's motion for a hearing on plaintiff's motion to assess costs in the above-styled cause of action be and it is denied.

IT IS FURTHER ORDERED that plaintiff's motion to assess costs in the above-styled cause of action be and it is granted in part and denied in part. Accordingly,

IT IS FURTHER ORDERED that plaintiff's request for an award of $5,797.50 in attorney's fees and $594.00 in expenses be and it is denied.

IT IS FURTHER ORDERED that the following costs shall be and they are taxed in plaintiff's favor:

| Deposition Costs | |
| --- | --- |
| Michael V. Meyer | $115.65 |
| Dennis R. Pilliard | $217.10 |
| Phillip D. Cleaver | $182.80 |
| Process Server | $ 5.00 |
| Total | $520.55 |

IT IS FURTHER ORDERED that defendant Meyer's request for a hearing on his motion for sanctions be and it is denied.

IT IS FURTHER ORDERED that defendant's motion for sanctions pursuant to Federal Rule of Civil Procedure 11 be and it is denied.