# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3320

_____

| | | |
|---|---|---|
| John Wray, Timothy Dickenson, | * | |
| | * | |
| Plaintiffs/Appellants, | * | |
| | * | |
| Clarence Boppre, | * | |
| | * | |
| Plaintiff, | * | Appeal from the United States |
| | * | District Court for the |
| James Martinez, | * | District of Nebraska. |
| | * | |
| Plaintiff/Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Harold W. Clarke, | * | |
| | * | |
| Defendant/Appellee, | * | |
| | * | |
| Frank X. Hopkins, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted:  February 13, 1998

Filed: August 4, 1998

_____

Before McMILLIAN and WOLLMAN, Circuit Judges, and BOGUE,[1] District Judge.
_____

WOLLMAN, Circuit Judge.

This is an appeal from the district court's[2] denial of a request for attorney fees pursuant to 42 U.S.C. § 1988. We affirm.

## I.

Alleging numerous unconstitutional conditions of confinement at the Nebraska State Penitentiary, seven inmates commenced a pro se civil rights action under 42 U.S.C. § 1983 against Harold W. Clarke, Director of the Nebraska Department of Correctional Services.[3]

As the case proceeded and after the appointment of counsel for the inmates, the parties began to discuss the possibility of settlement. A settlement conference was scheduled to be held before a magistrate judge in July of 1996. In anticipation of this conference, the parties exchanged several letters and proposals in an attempt to reach a mutually agreeable resolution. No mention of attorney fees was made during the course of this correspondence. Just prior to the commencement of the settlement conference, counsel for the inmates made a remark regarding the prospect of seeking attorney fees, which counsel for Clarke interpreted as having been made in jest and to which she responded in either a sarcastic or flippant manner. The parties reached a

---

[1]The HONORABLE ANDREW W. BOGUE, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska, to whom the case was referred by consent of the parties pursuant to 28 U.S.C. § 636(c).

[3]During the course of the litigation, the number of plaintiffs was reduced to four.

settlement during the course of the conference. Under the terms of this settlement, one inmate agreed to dismiss his claims voluntarily, while the other inmates agreed to nonmonetary resolutions of their claims. The magistrate judge then issued an order indicating that a settlement had been reached and requiring that the parties file a joint stipulation for dismissal.

In the following weeks, the parties attempted to draft a document embodying the terms of their agreement. Counsel for the inmates drafted a proposed stipulation that expressly reserved the inmates' right to apply for attorney fees under 42 U.S.C. § 1988. Clarke responded by saying that because attorney fees were not a part of the agreement reached during the settlement and because he had clearly and repeatedly made clear throughout the course of the negotiations that any settlement would encompass only purely nonmonetary relief to the inmates, any provision for attorney fees would be unacceptable.

Following several months of inconclusive correspondence, the parties reached an impasse. Counsel for the inmates continued to insist that a clause reserving the right to seek attorney fees be included in the settlement agreement. Clarke's response rejected this demand: "In light of the disagreement regarding the payment of attorney fees, there has been no settlement in this matter. Therefore, none of the provisions discussed at the settlement conference will be implemented at this time."

Counsel for the inmates responded by filing a motion to enforce the settlement agreement and by making an application for fees. Following an evidentiary hearing before a different magistrate judge (Judge Piester), the court held that an enforceable settlement agreement had been reached and that the inmates had not reserved the right to seek attorney fees.

## II.

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  Pursuant to this provision, a prevailing party in a civil rights action is generally entitled to attorney fees "unless special circumstances would render such an award unjust."  Hensley v. Eckerhart, 461 U.S. 424, 429 (1983).  The term "prevailing party" includes a civil rights complainant that prevails through settlement in lieu of litigation.  See Maher v. Gagne, 448 U.S. 122, 129 (1980).  Attorney fees may be waived as part of the settlement process.  See Evans v. Jeff D., 475 U.S. 717, 737-38 (1986).

Some circuits have held that parties must specifically agree to exclude a post-settlement claim for attorney fees and that an intent to do so should not be presumed from a silent record.  See, e.g., Muckleshoot Tribe v. Puget Sound Power & Light Co., 875 F.2d 695, 698 (9th Cir. 1989); Ashley v. Atlantic Richfield Co., 794 F.2d 128, 138-39 (3d Cir. 1986).  In Young v. Powell, 729 F.2d 563, 566-67 (8th Cir. 1984), however, we indicated that silence may constitute a waiver of the right to claim fees.  In Young, we held that a party who had filed a comprehensive stipulation for dismissal that advised the district court that all disputed issues had been resolved and who requested that the case be dismissed could not thereafter seek attorney fees.  See id. at 566.  In addition, we advised prospective litigants that "[i]f a settlement does not resolve all issues in a case, the parties should not stipulate to a dismissal without reserving the unresolved issues or in some appropriate way indicating their intent as to  such issues."  Id. at 567 n.3.

Thus, the question before us is whether the parties intended their settlement to dispose of the entire range of issues between the parties.  See Jennings v. Metropolitan Gov't of Nashville, 715 F.2d 1111, 1114 (6th Cir. 1983).  We agree with the district court that they did.  The settlement was reached only after extensive negotiations

between the parties. The parties agree that the matter of attorney fees was not discussed during the settlement conference itself. Statements that are interpreted as having been made in jest do not bespeak an intention to reserve the right to later make a claim for attorney fees, especially in a case in which, as here, the defendant has made it unmistakably clear that the relief provided by the settlement would be purely nonmonetary in nature. Having manifested an intention during the settlement conference to settle all of the matters in dispute and having failed to reserve a post-settlement claim for attorney fees, the inmates will not now be heard to raise such a claim.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.