528 S.E.2d 86

Barbara LAWSON, as Personal Representative of the Estate of William Randolph Lawson, Appellant/Respondent,

v.

SUMTER COUNTY SHERIFF'S OFFICE, Respondent/Appellant.

Harold V. Thames, Respondent/Appellant,

v.

Barbara Lawson, as Personal Representative of the Estate of William Randolph Lawson, Appellant/Respondent.

No. 3113.

Court of Appeals of South Carolina.

Heard Dec. 7, 1999.

Decided Feb. 7, 2000.

134

Edward M. Brown, of Brown & Roache; and Russell Brown, both of Charleston, for Appellant/Respondent.

George C. James, Jr., and John E. James, both of Richardson & James, of Sumter, for Respondent/Appellant.

HUFF, Judge:

Barbara Lawson (Mrs. Lawson) brought this action under the South Carolina Tort Claims Act against the Sumter County Sheriff's Office for the death of her husband, William Randolph Lawson (Mr. Lawson). Mr. Lawson was shot by a Sumter County sheriff's deputy, who was injured trying to effect Mr. Lawson's arrest. The deputy, in turn, filed suit for his injuries against Mrs. Lawson as the personal representative of her husband's estate, and she counterclaimed for violations of 42 U.S.C. § 1983. The parties entered a settle-

ment, which included a provision for attorney's fees equal to 40% of the settlement. Mrs. Lawson, on behalf of her attorney, subsequently petitioned for attorney's fees under 42 U.S.C. 1988. The Sheriff's Office and Thames in turn moved for attorney's fees and costs incurred in responding to the petition. The trial court denied the request for additional attorney's fees, finding the previous settlement conclusive of the matter. He further denied the Sheriffs Office's and Thames' request for fees and costs. Mrs. Lawson as well as the Sheriff's Office and Thames appeal. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

On January 22, 1996, the decedent, Mr. Lawson, was stopped by a deputy with the Sumter County Sheriff's Office and charged with speeding, open container violation, threatening the life of an officer, and carrying a concealed weapon. Thereafter, Lawson applied for pretrial intervention on certain of the charges. Lawson was apparently tried in his absence on some of the charges and was found guilty.

Subsequently, on February 26, 1996, Mr. Lawson was stopped by Harold V. Thames, a deputy with the Sumter County Sheriff's Office, who attempted to serve a warrant on Lawson. When Officer Thames attempted an arrest, Mr. Lawson tried to escape in his vehicle. Officer Thames became entangled in the open window of Mr. Lawson's moving vehicle. When Mr. Lawson purportedly refused to stop the vehicle or allow Officer Thames to disembark, Thames shot him, resulting in his death. Mrs. Lawson, as personal representative of her husband's estate, filed an action on March 25, 1996, against the Sumter County Sheriff's Office, asserting claims under the South Carolina Tort Claims Act. Officer Thames subsequently sued Mr. Lawson's estate for the injuries he received in the accident. Mrs. Lawson counterclaimed, raising claims under 42 U.S.C. § 1983.

Mrs. Lawson reached a settlement on all claims with the Sumter County Sheriff's Office and Officer Thames for $125,-000. Of this amount, $115,000 was allocated to a wrongful death cause of action, and $10,000 for a survival claim and "any and all other claims of this estate arising from this accident." The settlement was approved by circuit court

order dated October 7, 1997. The order provided that in accordance with the agreement of the parties, Mrs. Lawson's attorney, Edward M. Brown, was to receive 40% of the settlement amount as payment of attorney's fees. That same day, Mrs. Lawson executed a "RELEASE" which released the Sumter County Sheriff's Office and Thames from "all claims made or that could be made by the undersigned" arising from the incident. Lawson received payment in accordance with the settlement and order approving the settlement.

Although Brown was paid the $50,000 in fees pursuant to the settlement, in November 1997 he filed a petition for attorney's fees in connection with this action. In the petition, Brown asked for attorney's fees pursuant to 42 U.S.C. § 1988 in the amount of $120,006.25, for 685.75 hours at $175 per hour. Officer Thames and the Sheriff's Office opposed the petition and moved for attorney's fees and sanctions under Rule 11, SCRCP on the basis Brown's petition was "frivolous."

Subsequent to the hearing on the petition, Brown submitted a document dated November 19, 1996 signed by Mrs. Lawson which purportedly assigned to him any right to attorney's fees under § 1988. On December 10, 1997, the trial court issued its order denying the petition for additional attorney's fees, finding the issue was disposed of in the October 7, 1997 order putting into effect the settlement of the parties. The court noted the settlement disposed of all claims between the parties and authorized Mrs. Lawson to pay Brown from the gross proceeds of the settlement. The court stated if the parties had intended to reserve the issue of additional attorney's fees, "such intention should have been disclosed at the hearing [on the petition for settlement]."

The trial court subsequently granted the Rule 59(e), SCRCP motion of the Sheriff's Office and Thames to amend the order denying additional attorney's fees so as to clarify that the "denial is as to both [Mrs. Lawson and her] attorney, Edward M. Brown, Esq., in his capacity as attorney for the Estate in this matter and individually under . any note or assignment executed by the Personal Representative for the Estate for said fees." [1] The court also denied the request by

---

1. A question was raised as to Brown's standing to seek fees in this instance because the fees are payable to the prevailing party (the client),

Thames and the Sheriff's Office for Rule 11 sanctions and attorney's fees to be assessed against Brown. Mrs. Lawson appeals the denial of attorney's fees. The Sheriff's Office and Thames also appeal, asserting the trial court should have granted their motion for attorney's fees and sanctions under Rule 11, SCRCP on the basis the petition for attorney's fees above and beyond the amount provided in the settlement was frivolous.

## A. Appeal of Mrs. Lawson

■ Mrs. Lawson asserts the trial court erred in denying the petition for attorneys fees under 42 U.S.C. § 1988. We disagree.

Section 1983 allows recovery for the deprivation of civil rights as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

Section 1988 provides for the recovery of attorney's fees to the prevailing party in a § 1983 action. It states in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . .

42 U.S.C. § 1988(b).

■ A "prevailing party" includes a party who has obtained a settlement of claims under § 1983. *Maher v. Gagne*, 448

---

and not the attorney. The defendants argued that Brown petitioned for the attorney's fees in the trial court on his own behalf. However, Brown asserted Mrs. Lawson was the named petitioner. The appeal has been made in Mrs. Lawson's name.

U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). Thames and the Sheriff's Office do not dispute that Mrs. Lawson qualifies as the prevailing party under § 1988. Thus, her settlement does not preclude recovery under § 1988. However, in this case, Mrs. Lawson executed a settlement and Release which purported to settle all claims arising out of the death of her husband, and it specifically directed that 40% of the proceeds be paid as compensation for attorney's fees. In her Petition dated October 7, 1997, Mrs. Lawson asked the court to approve the settlement. In paragraph 13, she "represent[ed] to the court that she has an agreement with her counsel for the payment of attorney[']s fees for counsel's representation of the petitioner and the estate in this matter and that pursuant to such agreement, the *total sum of forty (40) percent of the gross settlement should be authorized for payment to her counsel from the proceeds of this settlement as attorneys fees.*" (emphasis added).

The settlement order of the same date included the following provision as to attorney's fees:

The petitioner has agreed with her attorney that he should be paid forty (40) percent of the gross proceeds of this settlement; the court has reviewed the matter and under these circumstances, concludes that such is reasonable, and from the proceeds of settlement, the sum of forty (40) percent of the gross settlement is authorized as payment of attorney's fees.

The order further provided the amount paid by the defendants was "in full settlement of all claims arising from the death of the petitioner's decedent." [2]

In its December 10, 1997 order denying attorney's fees, the trial judge found the issue of attorney's fees was "completely and fairly disposed of in [the October 7 order] putting into effect the Settlement Agreement between the parties," noting Mrs. Lawson was authorized by the agreement to pay her attorney from the gross proceeds of the settlement. He further cited the United States Court of Appeals' commentary in the case of *Bell v. Schexnayder*, 36 F.3d 447, 450 (5th Cir.1994) as follows:

2. No appeal was taken from this order.

*To the extent that plaintiff's counsel harbored a secret intent to seek attorney's fees* —after the parties had agreed on a settlement amount, after the case had been removed from the docket, and after the District Court had entered a dismissal order—*that intent was concealed from defendants.* On this record, the District Court could conclude that plaintiffs' counsel knew that his request for attorneys' fees ... was totally unanticipated by defendants and came as a complete shock to them. The District Court acted properly in denying the fee request. Holding otherwise would run counter to three goals encouraged by our judicial system: voluntary settlements of disputes, the enforcement of agreements according to the objective intent of the parties, and an end to litigation.

(emphasis added).

The trial court rejected Mrs. Lawson's argument that a specific waiver of attorney's fees must appear in the settlement agreement to preclude a subsequent award under § 1988. *See, e.g., Ashley v. Atlantic Richfield Co.,* 794 F.2d 128 (3rd Cir.1986) (initial settlement draft waived the right to attorney's fees, the revised version did not; court held the issue of attorney's fees was not precluded); *Swan v. Daniels,* 917 F.Supp. 292 (D.Del.1995) (no mention of attorney's fees was made in the settlement; issue held not abandoned). We can envision circumstances such as those present here where the requirement of a specific waiver would work an injustice on the parties. In contrast to *Swan,* where the parties did not mention attorney's fees in their settlement agreement, the current appeal is not a situation where the subject appears to have been left open for future negotiation or determination. *Cf. Young v. Powell,* 729 F.2d 563 (8th Cir.1984) (because attorney's fees was one of the issues raised in the complaint, a settlement disposing of "all disputed issues" held to encompass attorney's fees).

In this case, we agree with the trial judge that the order putting into effect the Settlement Agreement between the parties completely disposed of the issue of attorney's fees and, had Mrs. Lawson intended to seek additional attorney's fees under § 1988, she should have disclosed this intention at the hearing on the petition to approve the settlement. Mrs. Lawson's attorney should have disclosed the existence of the

alleged assignment of § 1988 attorney's fees and the intent that the settlement not preclude recovery of those fees under § 1988 in order to reserve the issue for future determination. The assignment was allegedly made a year before the settlement, but it was not until after the settlement had been finalized that Mrs. Lawson's attorney revealed to opposing counsel the existence of the document. Also, counsel admittedly did not mention the assignment or the intent to seek additional attorney's fees at the settlement hearing.

Although Mrs. Lawson's attorney argues the issue of attorney's fees need not be addressed in the settlement, and a party could thereafter seek attorney's fees under § 1988, the case before us is distinguishable. The settlement order here clearly indicated Brown was entitled to attorney's fees of 40% of the gross proceeds of settlement. No appeal was taken from this order. Mrs. Lawson's attorney could obtain no more rights than she had. Under the unique circumstances found in this case, we conclude the issue of attorney's fees was foreclosed by the parties' settlement. Accordingly, we uphold the trial court's decision denying the award of additional attorney's fees to the estate.

### B. Appeal of Sumter County Sheriff's Office and Thames

■ Officer Thames and the Sheriff's Office argue the trial court erred in denying their request for attorney's fees and sanctions pursuant to Rule 11, SCRCP. They assert the imposition of sanctions is warranted because the petition for additional attorney's fees above and beyond the 40% Brown received under the settlement agreement was "frivolous."

Rule 11 provides that the signature of an attorney on a pleading, motion, or other paper of a party shall constitute a certificate that the attorney has read the document and that to the best of the attorney's knowledge, information, and belief "there is good ground to support it" and "it is not interposed for delay." Rule 11(a), SCRCP. Where "a pleading, motion, or other paper is signed in violation of this Rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses

incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee." *Id.*

■ The trial court declined the request by Officer Thames and the Sheriff's Office for sanctions and attorney's fees to be imposed on Brown under Rule 11. We find no basis to disturb this ruling. The imposition of sanctions under Rule 11 is a matter left to the discretion of the trial court. Although we find the settlement was conclusive on the issue of attorney's fees, Brown's attempt to pursue attorney's fees under § 1988 and his presentation of the issue to the trial court, though found to be without merit, do not rise to the level which would allow us to conclude the trial court abused its discretion in failing to impose a sanction. Accordingly, we uphold the trial court's decision in this regard.

For the foregoing reasons, the order below is

**AFFIRMED.**

CURETON and HOWARD, JJ., concur.