# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4155

_____

Heather Patrice Hogrobrooks,      \*

                        \*

       Movant-Appellant,      \*

                        \*

David Rogers; Janice M. Rogers,      \*

                        \*

         Plaintiffs,        \*   Appeal from the United States

                        \*   District Court for the

       v.                  \*   Eastern District of Arkansas.

                        \*

Bobby Carter, Individually and in his  \*        [UNPUBLISHED]

official capacity as a Forrest City Police \*

Officer; City of Forrest City, Arkansas,  \*

                        \*

        Appellees.        \*

_____

Submitted: December 1, 2000
Filed: December 22, 2000

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

This appeal was filed by attorney Heather Hogrobrooks, purportedly on behalf of plaintiff David Rogers and herself, challenging the district court's[1] dismissal of

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

Rogers's 42 U.S.C. § 1983 action after it was settled out of court, because Hogrobrooks was not awarded attorney's fees under 42 U.S.C. § 1988. We agree with the district court that the client, not the attorney, has the right to seek an award of attorney's fees under section 1988, and the client may waive that right in a settlement. See Evans v. Jeff D., 475 U.S. 717, 730-31 & n.19 (1986) (§ 1988 vests right to attorney's fees in prevailing party and not party's lawyer); Wray v. Clarke, 151 F.3d 807, 809 (8th Cir. 1998) (although attorneys' fees are available to civil rights complainant who prevails through settlement in lieu of litigation, such fees may be waived as part of settlement process); Brown v. Gen. Motors Corp., 722 F.2d 1009, 1010-11 (2d Cir. 1983) (where client fired attorney prior to settlement, attorney could not claim fees in his own name under § 1988; attorney's entitlement to fees depends upon contractual arrangement between attorney and client).

In this case, client Rogers made no application to the district court for an attorney's fee award under section 1988. Hogrobrooks does not now represent Rogers, nor did she represent him when the case was settled, and she has no independent right to seek a section 1988 attorney's fee award. Thus, as the district court recognized, whatever right Hogrobrooks may have to a portion of the settlement proceeds by reason of her representation of Rogers earlier in the lawsuit is a matter of state law. The district court did not abuse its discretion in dismissing the settled case in its entirety, leaving Hogrobrooks to pursue any such state law remedies in a separate action.

Accordingly, we affirm. See 8th Cir. R. 47B. We grant Rogers's motion to remove the designation of him as "appellant."

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.