Curtis **ELMORE**, et al.

v.

Charles **SHULER**, et al., **Appellants.**

No. 85–5734.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 13, 1986.

Decided April 4, 1986.

As Amended April 4, 1986.

Charles L. Reischel, Deputy Corp. Counsel, with whom John H. Suda, Acting Corp. Counsel, and Richard B. Nettler, Asst. Corp. Counsel, were on brief, for appellants.

Greta C. Van Susteren, for appellees. Stephen G. Milliken, was on brief, for appellees.

Before EDWARDS, GINSBURG and BUCKLEY, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

This case concerns a petition for attorneys' fees filed several months after the parties settled an action charging District of Columbia police officers with violations of plaintiffs' civil rights. The settlement included a release in which plaintiffs dis-

charged the defendants of "any and all actions, damages, claims and demands" arising out of the episode in suit. Release (Aug. 13, 1982), *reprinted in* Record Excerpts (R.E.) at 20. The district court granted the fee petition, *see Elmore v. Shuler,* No. 81–0278 (D.D.C. May 17, 1983), and thereafter directed defendants to pay plaintiffs $23,513.15 in reasonable attorneys' fees and costs, *see Elmore v. Shuler,* No. 81–0278 (D.D.C. May 13, 1985).

We reverse the district court's May 17, 1983, and May 13, 1985, orders awarding attorneys' fees and costs. In view of the sweep of the release, we hold that it was incumbent on plaintiffs—or, more realistically, their counsel—explicitly to reserve the issue of attorneys' fees in order to remove that matter from the "complete[ ], final[ ] and absolute[ ]" settlement of plaintiffs' "claims and demands." Release, *reprinted in* R.E. at 20.

The underlying action involved an incident enduring ten hours in which plaintiffs suffered alleged unlawful detention and mistreatment by officers at the Metropolitan Police Station. The complaint asserted, *inter alia,* claims for violations of the Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983 (1982). On June 2, 1982, the parties filed a praecipe of settlement pursuant to which the case was dismissed with prejudice. Each plaintiff signed a release on August 13, 1982. The release contained no express reference to attorneys' fees. It did, however, explicitly cover "any and all further claims for damages, costs and expenses" resulting from the occurrences of which plaintiffs had complained. Release, *reprinted in* R.E. at 20. On March 8, 1983, plaintiffs petitioned for costs and attorneys' fees under 42 U.S.C. § 1988 (1982); that provision gives the court discretion, in specified civil rights actions, to allow the prevailing party "a reasonable attorney's fee as part of the costs."

Despite the lapse of several months between the settlement and the application for fees—a lapse plaintiffs do not explain—the district court declared the petition timely, and we do not intrude on that judgment.

*See White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 454 & n. 16, 102 S.Ct. 1162, 1168 & n. 16, 71 L.Ed.2d 325 (1982) (district courts are free to set filing time limit by local rule; in the absence of such a rule, timeliness of fee application falls within the district court's discretion). The district court centrally held that the settlement did not bar an award of fees. In so ruling, the district court observed that 1) in the settlement negotiations the parties had not discussed attorneys' fees, 2) the agreement called for payment of $8,500 to each of the two plaintiffs but contained no provision for costs and fees, and 3) the complaint commencing the action contained a request for fees. *Elmore v. Shuler,* No. 81–0278, slip op. at 3–4 (D.D.C. May 17, 1983), *reprinted in* R.E. at 12–13. We conclude that the district court erred in denying preclusive effect to the release.

The parties to this case agreed upon a sum certain in settlement of plaintiffs' action; they stipulated that, in consideration thereof, plaintiffs discharged defendants of all "claims and demands," including "all ... claims for damages, costs and expenses" relating to the episode in suit. Release, *reprinted in* R.E. at 20. Plaintiffs' undertaking released defendants "completely, finally and absolutely from all liabilities whatsoever arising wholly or partially from the [occurrences complained of]." *Id.* Plaintiffs' fee petition essentially invited a court-directed qualification of the release—an order relieving plaintiffs of a reading of the release that would attribute full force to plaintiffs' undertaking to relinquish "all ... claims and demands" in the case "completely." We find no cause to read the parties' final settlement as something less than it purports to be.

The district court thought it significant that the complaint contained a request for fees and costs. The claim for fees in the complaint afforded defendants notice that plaintiffs were seeking fees, the district court observed. *See Elmore,* slip op. at 3–4, *reprinted in* R.E. at 12–13. The complaint did indeed inform defendants that

one of the claims or demands plaintiffs asserted was for counsel fees. Alerted to the claim for fees, defendants could reasonably assume that this item had been discharged when plaintiffs agreed to release "all ... claims and demands whatsoever," Release, *reprinted in* R.E. at 20, stemming from the alleged unlawful detention. *See Young v. Powell*, 729 F.2d 563, 566 (8th Cir.1984) ("[a]ttorney's fees were prayed for in the original complaint," and therefore fell within the scope of a settlement encompassing all disputed issues).

We note, moreover, that the statute invoked by the plaintiffs, 42 U.S.C. § 1988, provides for "a reasonable attorney's fee as part of the costs." In face of a provision describing a fee for counsel "as part of the costs," plaintiffs signed a release explicitly discharging the defendants from liability for "any and all further claims for ... costs." Release, *reprinted in* R.E. at 20. Though drafted by the District of Columbia, the release presumably was read and left unqualified by counsel for the plaintiffs.

A factor considered important by the district court was "the potential for impropriety" when the lawyer's fee is negotiated "contemporaneously with the evaluation of [plaintiffs'] damages." *Elmore*, slip op. at 4, *reprinted in* R.E. at 13 (quoting from *Prandini v. National Tea Co.*, 557 F.2d 1015, 1017 (2d Cir.1977)). *But cf. Moore v. National Association of Securities Dealers, Inc.*, 762 F.2d 1093, 1104–1106 (D.C. Cir.1985) (rejecting a per se bar on simultaneous negotiation of merits settlement and attorneys' fees and adopting, instead, a case-by-case analysis of the voluntariness and fairness of fee waivers). But plaintiffs' counsel was not put to a choice between silence and simultaneous negotiation of damages and an attorney's fee. The fee claim could have been reserved, if that was the parties' understanding, simply by stating that counsel fees remained an open matter which plaintiffs were free to pursue separately. *See Young v. Powell*, 729 F.2d at 567 n. 3 ("If a settlement does not resolve all issues in a case, the parties should not stipulate to a dismissal without reserv-ing the unresolved issues or in some appropriate way indicating their intent as to such issues."); *see also Toth v. United Automobile Workers*, 743 F.2d 398, 406 (6th Cir. 1984) (agreement constituting *"full and complete* settlement of *all* claims" covers fees).

In short, we find nothing in the statute, which permits "a ... fee as part of the costs," 42 U.S.C. § 1988, that would warrant indulging the plaintiffs' claim for fees once the parties negotiated a lump sum settlement that released defendants broadly from all further claims and costs. The matter of fees, we note, is one on which lawyers generally do not lack sophistication. In this case, for example, the retainer agreement plaintiffs signed provided for compensation to counsel in the event that plaintiffs recovered from the defendants, independent of any fees a court might award. The retainer specified a contingent fee of 30% upon settlement without suit and 40% after commencement of any litigation. *See* Retainer Agreement (Feb. 5, 1981), *reprinted in* R.E. at 25. Under the circumstances presented here, the burden of preserving the complaint's demand for fees from preclusion by the release is properly assigned to the party whose compensation is at stake.

While we reverse the orders awarding fees to plaintiffs' counsel, we leave in place the district court's September 20, 1983, order assessing fees against defendants' counsel for filing a motion for reconsideration. That motion, filed more than nine weeks after the district court's May 17, 1983, decision, duplicated argument already urged upon the court. In view of the large authority the district court has to sanction filings that protract proceedings without bringing new matter to light, *see* Fed.R. Civ.P. 11, we remit to that court's discretion defendants' plea for alteration of the September 20, 1983, order.

CONCLUSION

For the reasons stated, the district court's orders of May 17, 1983, and May 13,

1985, awarding attorneys' fees and costs to plaintiffs are reversed, and the case is remanded to the district court for whatever action that court finds proper, in the exercise of discretion, with regard to the fee assessment made in the September 20, 1983, reconsideration order.

*It is so ordered.*