BALDOCK, Circuit Judge,
concurring.
While I concur, I write separately to express my views on the effect of the settlement agreement upon Plaintiffs claim for attorneys’ fees. An ounce of prevention is worth a pound of cure, A comprehensive settlement agreement explicitly addressing the issue of attorneys’ fees would have prevented this appeal. Nevertheless, where the settlement agreement is silent as to attorneys’ fees, I agree that the intent of the parties governs. I can, however, foresee circumstances in which a general release in a settlement agreement may be so sweeping as to establish that the parties intended to resolve all claims, including attorney’s fees. See Muckleshoot Tribe v. Puget Sound Power & Light, 875 F.2d 695, 698 (9th Cir.1989) (“[i]f the decree contains an explicit reference to fees or the breadth of the release is so ‘sweeping’ that it necessarily includes attorneys’ fees, a waiver may be found”) (internal citations omitted); see also Elmore v. Shuler, 787 F.2d 601, 602 (D.C.Cir.1986) (“[i]n view of the sweep of the release, we hold that it was incumbent on plaintiffs ... explicitly to reserve the issue of attorneys’ fees in order to remove that matter” from the settlement agreement).
This is not such a case, however. Although the settlement agreement in this case is certainly broad enough to resolve the issue, the surrounding circumstances compel the conclusion that the parties did not intend to resolve the attorneys’ fees claim. Namely, the record shows that the settlement negotiations contained no reference to attorneys’ fees, and Plaintiffs counsel represented to the magistrate judge that all claims, except for attorneys’ fees, had been resolved. Without these accompanying facts, the release itself would be sufficient to waive attorneys’ fees.