**HOMIER DISTRIBUTING COMPANY, INC., Plaintiff,**

**v.**

**CITY OF NEW BEDFORD; Frederick M. Kalisz, Jr., Mayor; Arthur J. Kelly III, Chief of Police; Daniel W. Patten, Treasurer/Collector/CFO; Janice A. Davidian, City Clerk; and Paul Koczera, Defendants.**

No. Civ.A. 00–12410–GAO.

United States District Court, D. Massachusetts.

Feb. 13, 2002.

Ross Ginsberg, Gilman, McLaughlin & Hanrahan, Boston, MA, for Plaintiff.

Joseph L. Tehan, Jr., Kopelman & Paige, P.C., Boston, MA, for Defendants.

## MEMORANDUM AND ORDER

O'TOOLE, District Judge.

The plaintiff, Homier Distributing Company, Inc. ("Homier"), has moved for summary judgment on its claim under 42 U.S.C. § 1983. Homier asks for a declaration that New Bedford Code §§ 15–71.0–.7 (the "Ordinance") discriminated against out-of-state businesses like Homier, in violation of the Commerce Clause of the United States Constitution. Homier also seeks damages equal to the two-thousand dollar ($2,000) fee it paid to comply with the Ordinance, as well as punitive damages, costs, and reasonable attorneys' fees. The defendants have filed a cross-motion for summary judgment arguing that because the Ordinance has recently been repealed and because the City has offered to refund the plaintiff's $2,000 plus interest, the case is moot. After hearing and consideration of the parties' submissions, the plaintiff's motion for summary judgment is GRANTED, and accordingly, the defendants' cross-motion is DENIED.

### Background

The relevant facts of this case are not in dispute. The City Ordinance at issue here imposed a regulatory licensing scheme for certain transient vendors that sought to do business in New Bedford. The Ordinance required a non-domestic transient vendor, like Homier, to purchase a license to conduct sales in New Bedford for the flat fee of $2,000. New Bedford Code § 15–71.1, 15–71.3. The fee was the same regardless of the length of the sale, the size of the vendor's inventory, or the amount of sale proceeds. The license remained valid as long as the vendor's inventory was regularly kept and offered for sale in New Bedford, but in any event, it expired as of the next January 1 after its date of issue. New Bedford Code § 15–71.1. The Ordinance exempted from the fee any "domestic corporation" that "en-

gage[d] in temporary or transient business" in New Bedford if its "stock in trade [had been taxed] during the current year." New Bedford Code § 15–71.0. No such exemption was available for non-domestic corporations. Permanent local merchants in New Bedford are charged $25.00 every four years for their business certificate. Davidian Dep. at 41–42. Homier sells hardware and related items at short-term sales, typically one to four days in length, conducted at locations across the United States. Pl.'s Mem. in Supp. of Mot. for Summ.J., Ex. B, Richardson Decl. ¶ 5. In preparation for a sale to be conducted in New Bedford on September 11 and 12, 2000, the plaintiff contacted New Bedford's city clerk to obtain necessary licenses and permits. Homier paid the $2,000 fee that the Ordinance required for a transient vendor's license under protest and requested a refund after the sale. The request was denied, and this lawsuit followed. Davidian Dep. at 15, 55–56.

Just before the hearing on the plaintiff's summary judgment motion, the New Bedford City Council voted to rescind the Ordinance in its entirety, and the Mayor approved the action. Leontire Aff. ¶¶ 7, 8. The council also authorized the city solicitor to refund to Homier the $2,000 license fee it had paid, plus interest. Leontire Aff. ¶ 10. Homier has refused to accept the $2,000 offered unless the defendants agree to entry of a judgment against them. The defendants argue that the repeal of the Ordinance and the refund offer moot the plaintiff's claims, but they have never responded to the plaintiff's substantive claim that the Ordinance violates the Commerce Clause.

### Discussion

 The plaintiff's claims are not moot. "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982). A case will only be moot "if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 289 n. 10, 102 S.Ct. 1070. Furthermore, "so long as the plaintiff has a cause of action for damages, a defendant's change in conduct will not moot the case." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 606–07, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). The plaintiff's damages claim alone prevents this case from being mooted, but in addition, it cannot be said that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Aladdin's Castle*, 455 U.S. at 289 n. 10, 102 S.Ct. 1070 (citations omitted). The City has never conceded that the Ordinance violated the Commerce Clause.

 It is clear that the Ordinance was unconstitutional. The Commerce Clause prohibits "state or municipal laws whose object is local economic protectionism." *C & A Carbone, Inc. v. Town of Clarkstown*, 511 U.S. 383, 390, 114 S.Ct. 1677, 128 L.Ed.2d 399 (1994). An Ordinance can constitute "local protectionism" because of either a discriminatory effect or a discriminatory purpose. *See Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263, 270, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984). A local regulation is deemed discriminatory if it exhibits "differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter. If a restriction on commerce is discriminatory, it is virtually *per se* invalid." *Oregon Waste Sys., Inc. v. Department of Envtl. Quality of the State of Or.*,

511 U.S. 93, 99, 114 S.Ct. 1345, 128 L.Ed.2d 13 (1994)

On its face, the Ordinance discriminated against non-domestic corporations by imposing on them a substantial fee for conducting business in New Bedford, while granting an exemption to domestic corporations whose stock in trade had been taxed in the current year. *See* New Bedford Code § 15–71.0. Furthermore, the city clerk, designated as the City's representative for licensing purposes under Fed.R.Civ.P. 30(b)(6), admitted in her deposition testimony that the original purpose of the Ordinance was to discourage transient flower vendors who were competing with the local florist, adding that the Ordinance had successfully served that purpose. Davidian Dep. at 57, 72. The City has never argued that the statute is non-discriminatory and has never attempted to justify the exorbitant fee.

The plaintiff is entitled to a refund of the $2,000 license fee plus interest pursuant to its § 1983 claim. Section 1983 provides a cause of action for a plaintiff whose federal constitutional rights are violated under color of any statute or Ordinance. 42 U.S.C. § 1983. "Commerce Clause violations may be redressed under 42 U.S.C. § 1983." *Adams v. Watson*, 10 F.3d 915, 917 n. 4 (1st Cir.1993) (citing *Dennis v. Higgins*, 498 U.S. 439, 447–49, 111 S.Ct. 865, 112 L.Ed.2d 969 (1991)).

The plaintiff is not entitled to punitive damages. Punitive damages cannot be assessed under § 1983 against the City or the named defendants in their official capacities. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). The named defendants in their individual capacities are potentially subject to punitive damages, but such an award under a § 1983 claim requires evidence of evil motive or intent, or reckless indifference to the plaintiff's federally protected rights. *See Iacobucci v. Boulter*, 193 F.3d 14, 25–26 (1st Cir.1999) (citing *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983)). The plaintiff has not proffered any such evidence.

The plaintiff is entitled to reasonable attorney's fees and costs. *See* 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of section[ ] ... 1983 ... of this title ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs."). Contrary to the defendants' argument, the Supreme Court's recent decision in *Buckhannon* does not prohibit an award of attorney's fees in this case. The decision in *Buckhannon* prohibits an award of attorney's fees under a "catalyst theory," "where there is no judicially sanctioned change in the legal relationship of the parties." *Buckhannon*, 532 U.S. at 605, 121 S.Ct. 1835. Here, however, the plaintiff is entitled to a judgment in its favor, "chang[ing] the legal relationship of the parties." *Id.*

### Conclusion

For the foregoing reasons, the plaintiff's motion for summary judgment is GRANTED. A declaratory judgment shall be entered declaring the Ordinance unconstitutional and void. Judgment shall be entered awarding the plaintiff the $2,000 fee plus interest and its costs and reasonable attorney's fees. The plaintiff shall submit an application for attorney's fees within 14 days of the date of this Order.

IT IS SO ORDERED.