Terrie PATTERSON, et al., Appellants,

v.

DISTRICT OF COLUMBIA,
et al., Appellees.

No. 98–CV–1564.

District of Columbia Court of Appeals.

Argued June 9, 2000.
Decided April 11, 2002.

Brenda G. Grantland, Mill Valley, CA, with whom Landon G. Dowdey, Washington, DC, was on the brief, for appellants.

James C. McKay, Jr., Assistant Corporation Counsel, with whom Jo Anne Robinson, Interim Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for appellees.

Before WAGNER, Chief Judge, and SCHWELB and WASHINGTON, Associate Judges.

WASHINGTON, Associate Judge:

The principal issue on appeal is whether the trial court erred in holding that the parties, in settling the claims of four plaintiffs, in an action brought under 42 U.S.C. § 1983, also intended to settle claims for counsel fees arising out of the litigation. The trial court concluded that counsel fees were covered by the broad releases executed by the plaintiffs in settling their individual cases and denied their request for fees. We reverse and remand.

## I.

This matter was originally before us after the trial court ruled that the plaintiffs prevailed on one of their several legal challenges to the constitutionality of the District of Columbia's civil forfeiture procedures[1] under both the Fourth and Fifth Amendments and awarded them some but not all of the counsel fees they requested.

## II.

Both parties appealed, the District arguing that the plaintiffs were not entitled to any counsel fees because they were not prevailing parties, and the plaintiffs arguing that the trial court erred in not awarding them a reasonable counsel fee. We held in District of Columbia v. Patterson, 667 A.2d 1338, 1346–47 (D.C.1995), cert. denied, 519 U.S. 1058, 117 S.Ct. 688, 136 L.Ed.2d 612 (1997) (with Chief Judge Wagner dissenting), that the plaintiffs were not prevailing parties with respect to their Fourth Amendment claim, thereby vacating an award of counsel fees for this claim. We concluded, however, that a remand was necessary "for further consideration of the possibility that plaintiffs could establish such status with respect to certain other of their constitutional claims," which they settled. Id. We declined to address the District's argument that the plaintiffs had waived counsel fees by failing to explicitly reserve the issue of counsel fees in the releases signed by their clients because it was raised for the first time on appeal. Id. at 1348 n. 20. On remand, the trial court found that with respect to the settled claims, the plaintiffs likely were prevailing parties, but denied their motion for counsel fees relying on the rationale of the D.C. Circuit Court in Elmore v. Shuler, 252 U.S.App. D.C. 45, 787 F.2d 601. In that case, the court, in construing the almost identical language in dispute here, held that the broad language of the release included counsel fees. A timely Notice of Appeal was filed.

In Elmore, the court took a very narrow approach to deciding whether the language of the broad releases utilized by the parties included counsel fees. The court noted that the statute invoked by the plaintiff in support of their request for counsel fees, 42 U.S.C. § 1988 (1982), provides for a "reasonable counsel fee as part of costs." The court then looked to the language of the release which covered any and all further claims against the District for damages, costs and expenses and concluded that the fee claim could have been reserved, if that was the parties' understanding, but because the plaintiffs failed to explicitly reserve the issue of counsel fees,

1. D.C.Code § 48–905.02 (2001).

those fees were covered by the "costs" provision in the releases they executed.

■■■ While the District asks us to accept the interpretation given by the Court in *Elmore* to the contract language at issue here, under the "objective law" of contract interpretation followed by this court, the written language of a contract governs the parties' rights unless it is not susceptible of clear meaning. *Adler v. Abramson,* 728 A.2d 86, 88 (D.C.1999). We decline to apply the D.C. Circuit's interpretation of language (in a case where there had been no discussion regarding counsel fees prior to the execution of the releases) to defeat the intent of the parties in this case, where there was substantial prior discussion of the issue. Fundamentally, when interpreting a contract, the court should look to the intent of the parties entering into the agreement. *Dodek v. CF 16 Corp.,* 537 A.2d 1086, 1093 (D.C.1988) (citations omitted) (internal quotation marks omitted). However, in deciding whether the contract language is susceptible of clear meaning, we look to the contract language itself, and ask ourselves generally "what a reasonable person in the position of the parties would have thought the disputed language meant." *Adler,* 728 A.2d at 88, (quoting *Intercounty Constr. Co. v. District of Columbia,* 443 A.2d 29, 33 (D.C.1982)). Using this approach, the objective reasonable person assessing the contract's language "is presumed to know all the circumstances before and contemporaneous with the making of the agreement," *Id.,* at 87 (citations omitted), and extrinsic evidence is admissible to determine the nature of those circumstances. *See Christacos v. Blackie's House of Beef, Inc.,* 583 A.2d 191, 194 (D.C.1990).

■■■ This reasonableness determination involving an evaluation of the surrounding circumstances is to be applied whether the contract's language appears ambiguous or not. *Fairfax Vill. Condo. VIII Unit Own-* ers' Ass'n v. Fairfax Vill. Cmty. Ass'n, Inc., 726 A.2d 675, 677 n. 4 (D.C.1999); *see also, e.g., Christacos,* 583 A.2d at 194 ("although extrinsic evidence of the parties' subjective intent may be resorted to only if the document is ambiguous, extrinsic evidence may be considered to determine the circumstances surrounding the making of the contract so that it may be ascertained what a reasonable person in the position of the parties would have thought the words meant") (citations omitted).

■■■ Applying these principles to the facts of this case leads us to conclude that the release agreement executed in this case was not intended to preclude a subsequent counsel fee award under 42 U.S.C. § 1988 (1982). Whether the release's use of the term "costs" in the indemnification clause includes counsel fees is the main question here. In determining "what a reasonable person in the position of the parties" would think this language meant, the specific circumstances surrounding the contract formation should be considered. *Christacos,* 583 A.2d at 194.

In this case, the evidence is overwhelming that the parties did not intend the settlement of the underlying individual claims to include counsel fees. Unlike in *Elmore* where the parties never discussed counsel fees prior to execution of the settlement agreements, Ms. Grantland, the plaintiffs' attorney here listed counsel fees for all of her clients as a separate lump sum settlement item distinct from her clients' individual demands for settlement. In addition, the Assistant Corporation Counsel (ACC) representing the District treated the issue of counsel fees as separate from the settlement of the individual claims. The record indicates that the ACC acknowledged the requested fee request but refused to settle the fee claim along with the individual plaintiffs' claims in order to preserve the District's right to ap-

peal the original order in this case that found the plaintiffs were prevailing parties and entitled to counsel fees. The most telling evidence of the parties' intent that counsel fees were not to be considered as part of the settlement agreements, however, is the fact that although the parties reached an oral settlement on the individual plaintiffs' claims and filed a praecipe to that effect on May 22, 1992, and on August 7, 1992, plaintiffs' counsel filed a petition for counsel fees that was opposed by the District on the merits. Moreover, the actual releases were not signed until September 22, 1992, and yet the litigation on the merits of plaintiffs' counsel fees claim continued into the Spring of 1993. At no time while the counsel fees litigation was ongoing between September 1992 and May 17, 1993 did the District argue that plaintiffs had waived their claim to counsel fees when they executed the releases and settled their individual claims. Throughout this period, the District opposed the petition for counsel fees on the grounds "that none of the plaintiffs were prevailing parties," or, alternatively, that counsel's records were inadequate to support the amount of fees requested. It was not until the trial court's counsel fees order was on appeal that the District claimed that plaintiff waived their right to counsel fees when they settled their individual cases.

Based on these facts, a reasonable person in the position of the parties, knowing all of the circumstances before and contemporaneous with the settlement of the individual claims, and after settlement of those claims, would not have thought that the boilerplate release language that included the word "costs" also covered counsel fees.

Therefore, we reverse the trial court's order denying plaintiff counsel's petition for counsel fees. We remand the case so that the trial court can more fully explain its finding that the plaintiffs "likely" were prevailing parties and to decide the amount of counsel fees, if any, to which plaintiffs' counsel may be lawfully entitled.

*So ordered.*