Terrie PATTERSON, et al. Appellants,

v.

DISTRICT OF COLUMBIA,
et al. Appellees.

No. 98–CV–1564.

District of Columbia Court of Appeals.

March 24, 2003.

Before: WAGNER, Chief Judge;
SCHWELB and WASHINGTON, Associate Judges.

## ORDER

PER CURIAM.

Appellee has petitioned a division of this court for rehearing in light of the U.S. Supreme Court decision, *Buckhannon Bd. & Care Home, Inc., et al. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). In *Buckhannon*, the Supreme Court held that to be a prevailing party there must be a "judicially sanctioned change in the legal relationship of the parties" such as a judgment on the merits or a consent decree. *Id.* at 604–05, 121 S.Ct. 1835. Thus, a claim for "attorney's fees under a 'catalyst theory,' which posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct," is insufficient because it "lacks the necessary judicial *imprimatur* on the change" *Id.* at 601, 605, 121 S.Ct. 1835 (emphasis added).

Although *Buckhannon* clearly places limits on the recovery of attorney's fees, based on the record before us, we are unable to determine whether *Buckhannon* would apply to this case. In *District of Columbia v. Patterson*, 667 A.2d 1338 (D.C.1995) (*Patterson I*), this court, after

carefully reviewing the record, was unable to determine whether the attorney's fees that were awarded were for claims that were settled, constitutional claims that were litigated, or a combination of both. Therefore, we remanded the case to the trial court to further develop the record. However, on remand, the trial court, on an alternative basis, concluded that Patterson was not entitled to attorney's fees.[1] We reversed the trial court's decision in *Patterson v. District of Columbia*, 795 A.2d 681 (D.C.2002) (*Patterson II*) and remanded the case to the trial court to develop the record as articulated in Patterson I. Because the trial court has not made the findings necessary for us to determine whether the appellant is a prevailing party, it is

ORDERED that appellee's petition for rehearing is denied. It is

FURTHER ORDERED that the opinion filed in the above captioned appeal on April 11, 2002 (795 A.2d 681 (D.C.2002)) is hereby amended by adding the following language after the last sentence on page 6 of the slip opinion (page 684 of the Reporter):

When analyzing whether the plaintiffs are prevailing parties the trial court should take note of *Buckhannon Bd. & Care Home, Inc., et al. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). When conducting the prevailing party inquiry, the trial court should consider, among other things, its own involvement in the settlement and any factors that may distinguish this case from *Buckhannon* including the applicable statutory and constitutional provisions under which the original claim is based. *See, e.g., Richard S. v. Department of Developmental Servs. of the State of Cal.*, 317 F.3d 1080 (9th Cir.2003); *Adams v. Bowater, Inc.*, 313 F.3d 611 (1st Cir.2002); *Homier Distrib. Co. v. City of New Bedford*, 188 F.Supp.2d 33 (D.MA 2002); *Sabatini v. Corning–Painted Post Area Sch. Dist.*, 190 F.Supp.2d 509 (W.D.N.Y. 2001).

---

[1]. The trial court denied the request for attorney's fees concluding that the fees were covered in a broad release executed by the appellant in settling her individual case. Thus, the trial court did not decide whether the appellant was a prevailing party.