# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 08-2451

MICHAEL MARRS,

*Plaintiff-Appellant,*

*v.*

MOTOROLA, INC., *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 5463—**Susan E. Cox**, *Magistrate Judge.*

NOVEMBER 7, 2008

Before CUDAHY, POSNER, and FLAUM, *Circuit Judges.*

PER CURIAM. Michael Marrs sued Motorola, Inc.,
Motorola Disability Income Plan, Motorola Post-Employ-
ment Health Benefits Plan, and Motorola, Inc. Pension
Plan (collectively "Motorola") for alleged violations of
ERISA. The parties filed a stipulation agreeing to class
action certification. The case proceeded as a class action
with Marrs serving as class representative. Eventually
the district court granted the defendants' motion for
summary judgment and dismissed the suit, and Marrs

filed a timely notice of appeal which names Michael Marrs as appellant but does not state that he is appealing on behalf of the class or as class representative and does not mention other claimants or a class.

Marrs has moved for leave to correct the notice of appeal to clarify that he is appealing in both his individual capacity and a representative capacity. He argues that his "technical omission" did not cause us to lose jurisdiction of the appeal on behalf of the class because the original notice specified the judgment from which he appeals and the judgment encompassed the class. He also argues that the rest of the class, which includes fewer than 100 persons, would be left without a remedy if we do not allow him to correct the notice.

Motorola responds that Marrs's motion is actually a motion for additional time to file a notice of appeal on behalf of the class, that the deadline for filing the notice has long passed, and that none of the grounds for extending the deadline are available to him. Motorola argues that the notice of appeal that Marrs filed gives this court jurisdiction over only his individual claims because the notice "contains no indication of any kind whatsoever that he intended the appeal to be in a representative capacity." *Murphy v. Keystone Steel & Wire Co.*, 61 F.3d 560 (7th Cir. 1995).

Federal Rule of Appellate Procedure 3(c), which governs notices of appeals, is jurisdictional. *Smith v. Barry*, 502 U.S. 244, 248 (1992); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988); *AlliedSignal, Inc. v. Goodrich Co.*, 183 F.3d 568, 571 (7th Cir. 1999). Rule 3(c)(3) states that "in a

class action, whether or not the class has been certified, the notice of appeal is sufficient if it names one person qualified to bring the appeal as representative of the class," and subsection (4) states that the "appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." In *Murphy* we held that the notice of appeal must indicate that the class representative is appealing in his representative capacity. *Murphy v. Keystone Steel & Wire Co.*, *supra*, 61 F.3d at 571 n. 7; see also *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1572 (10th Cir. 1994); *Ford v. Elsbury*, 32 F.3d 931, 933-34 (5th Cir. 1994). Marrs's notice does not.

We said in *Murphy* that "if only the named plaintiffs were included in the text of the notice, they could better argue that it would be 'clear from the notice' that the whole class intended to appeal" but that the inclusion of the Union, which was not part of the class, "limited the appeal to the specifically named parties." 61 F.3d at 571. Marrs, in contrast, is the only class representative and the only person listed on the notice of appeal. In *Clay v. Fort Wayne Community Schools*, 76 F.3d 873 (7th Cir. 1996), a class of parents and a class of students, each with its own representative plaintiffs, filed suit against a school system but only the parent plaintiffs were listed in the notice of appeal. We held that we lacked jurisdiction to consider the merits of the student plaintiffs' appeal because "notice by the adult plaintiffs is simply not the functional equivalent of notice by the student plaintiffs." *Id*. at 876. In contrast, Marrs's case involves only one

class. But these differences between the present case and *Murphy* and *Clay* are too slight to warrant a different result. Marrs argues that "correcting" the notice of appeal now before any briefing has begun would not prejudice the appellees. True; but in *Murphy* we held that lack of prejudice is not a defense to the application of Rule 3(c). *Murphy v. Keystone Steel & Wire Co., supra*, 61 F.3d at 571.

The motion to correct the notice of appeal is DENIED.