**Terrie PATTERSON, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 08–CV–189.**

District of Columbia Court of Appeals.

Argued Jan. 21, 2010.
Decided May 6, 2010.

Michele Keegan, with whom Miriam Nemetz, Washington, DC, Jeffrey A. Berger, San Francisco, CA, Brenda Grantland, Mill Valley, CA, and Arthur B. Spitzer, Washington, DC, were on the brief, for appellant.

James C. McKay, Jr., Senior Assistant Attorney General, with whom Peter J. Nickles, Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, and Donna M. Murasky, Deputy Solicitor General, were on the brief, for appellee.

Before FISHER, THOMPSON, and OBERLY, Associate Judges.

OBERLY, Associate Judge:

Rule 3 of the rules of this court requires very little information that *must* be specified in a notice of appeal from a judgment or order of the Superior Court. In fact, it requires only two things: specification of "the party or parties taking the appeal," which is done by "naming each one in the caption or body of the notice," and designation of "the judgment, order, or part thereof being appealed." D.C.App. Rule (3)(c)(1)(A) and (B). Because the notice of appeal in this case did not comply with the first requirement, we dismiss the appeal for lack of jurisdiction.

## I.

This case has a long and tortured history—*see District of Columbia v. Patterson,* 667 A.2d 1338 (D.C.1995) (*Patterson I*); *Patterson v. District of Columbia,* 795 A.2d 681 (D.C.2002) (*Patterson II*); and *Patterson v. District of Columbia,* 819 A.2d 320 (D.C.2003) (per curiam) (*Patterson III*)—but we need not dwell on the details to resolve the instant appeal. In brief, named appellant Terrie Patterson sued the District of Columbia in 1987, challenging the District's seizure of her vehicle under the forfeiture provisions of the Uniform Controlled Substances Act, D.C.Code § 33–552 (1981). *Patterson I,* 667 A.2d at 1341. The trial court held that she and five other plaintiffs who joined her suit were entitled under the Fourth Amendment to a post-seizure hearing. *Id.* at 1342. Only Patterson requested such a hearing, however, and the trial court found that the District had probable cause to seize her vehicle. *Id.* & n. 7. Despite Patterson's loss on the merits of the hearing (and the failure of other plaintiffs to even seek such a hearing), the trial court held that Patterson and the other plaintiffs were prevailing parties entitled to attorneys' fees. *Id.*

The District and the plaintiffs filed cross-appeals, "the District arguing that the plaintiffs were not entitled to any counsel fees because they were not prevailing parties, and the plaintiffs arguing that the trial court erred in not awarding them a reasonable counsel fee." *Patterson II,* 795 A.2d at 682. We held that Patterson was not a prevailing party on her Fourth Amendment claim because when she "got the hearing she sought, the trial court found that probable cause indeed did exist, and thus she obtained no benefit whatever from her proof of a constitutional violation." *Patterson I,* 667 A.2d at 1345. Moreover, we concluded that "[a] fortiori,

the other plaintiffs, who did not even seek a probable cause hearing," were not prevailing parties either. *Id.* at n. 16. But "notwithstanding the plaintiffs' failure to establish that they were 'prevailing parties' with respect to the Fourth Amendment claim," we remanded "for further consideration of the possibility that plaintiffs could establish such status with respect to certain other of their constitutional claims." *Id.* at 1346–37.

On remand, the trial court denied plaintiffs' request for attorneys' fees. Without deciding whether plaintiffs were prevailing parties, the court ruled that plaintiffs could not recover because the attorneys' fees "were covered by the broad releases executed by the plaintiffs in settling their individual cases." *Patterson II,* 795 A.2d at 682. Plaintiffs appealed, and we reversed again. We concluded that the release agreement "was not intended to preclude a subsequent counsel fee award," and remanded the case for further consideration of whether plaintiffs were prevailing parties. *Id.* at 683–84. The District then petitioned for rehearing, which request we denied in *Patterson III,* 819 A.2d at 320–21.

On the second remand, the trial court once more denied plaintiffs' claim for attorneys' fees, concluding that plaintiffs were not prevailing parties. The attorney for the plaintiffs timely filed a notice of appeal. Whereas the prior two notices of appeal in this litigation (filed by the same attorney as the one who filed the notice of appeal in this case) listed all of the plaintiffs seeking review, the notice of appeal of the latest order listed in the caption and the body of the notice only Patterson as the person appealing. It is undisputed that Patterson's claim is not before us because Patterson settled her claims long ago.

## II.

■ A notice of appeal "must specify the party or parties taking the appeal by naming each one in the caption or body of the notice." D.C.App. R. 3(c)(1)(A). This cardinal rule of appellate procedure is jurisdictional. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 318, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). (In this case, as in others, *e.g., Thoubboron v. Ford Motor Co.*, 749 A.2d 745, 748 (D.C.2000); *Walker v. District of Columbia*, 656 A.2d 722, 725 (D.C.1995), *Torres'* interpretation of the nearly identical, parallel federal rules provides persuasive authority for our analysis.) For instance, in *Torres*, the notice of appeal omitted the name of Torres—one of sixteen plaintiffs who sought to intervene in an employment discrimination suit. *Id.* at 313, 108 S.Ct. 2405. Although the notice of appeal contained the words "et al.," the Ninth Circuit ruled that it lacked jurisdiction over Torres' purported appeal. *Id.* at 317, 108 S.Ct. 2405. The Supreme Court affirmed. The Court acknowledged that "rules of procedure should be liberally construed," but explained that the "failure to name a party in a notice of appeal is more than excusable 'informality'; it constitutes a failure of that party to appeal." *Id.* at 314, 316, 108 S.Ct. 2405.

In 1993, the federal rules were amended to do "away with *Torres'* harsh result." 16A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 3949.4, at 87 (4th ed. 2008). Thus, our rule—which tracks the revised federal rule—now says that an "attorney representing more than one party may describe those parties with such terms as 'all plaintiffs,' 'the defendants,' 'the plaintiffs A, B, et al.,' or 'all defendants except X.'" D.C.App. R. 3(c)(1)(A). Moreover, Rule 3(c)(4) states that "[a]n appeal may not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice."

The 1993 amendment, however, has "not eliminate[d] the requirement that a party who intends to appeal be identified in some way" in the notice of appeal. 16A FEDERAL PRACTICE & PROCEDURE § 3949.4, at 90. As the Second Circuit has put it, the amendment "offers no relief in situations where . . . the party is 'never named or otherwise designated, however inartfully.'" *Billino v. Citibank, N.A.*, 123 F.3d 723, 726 (1997) (quoting *Torres*, 487 U.S. at 317, 108 S.Ct. 2405); *see also Maerki v. Wilson*, 128 F.3d 1005, 1007–08 (6th Cir.1997) (although "what constitutes compliance with the rule has clearly been 'liberalized,'" compliance with the "nontaxing" requirements of Rule 3(c) continues to be required). Thus, after the amendment, we have continued to rely on *Torres* and have insisted that a party that intends to appeal an order must be named or somehow designated in the notice of appeal. In *Walker*, for example, we refused to consider the appeal of an attorney who sought review of an order awarding sanctions against herself and her client because the attorney failed to list herself as an appellant in her client's notice of appeal and did not file a separate notice of appeal in her own name. 656 A.2d at 724–25; *see also Thoubboron*, 749 A.2d at 748–49 (similar). Numerous federal courts likewise have concluded that, notwithstanding the 1993 amendment, a notice of appeal's failure to name a party precludes appellate review of that party's claims. *See, e.g., Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 656–57 (2d Cir. 2004) (dismissing a company president's challenge to a contempt order awarding sanctions against the company and the president where the body of the notice of appeal referred to the president, but the notice itself failed to name the president as an appellant); *Meehan v. United Consum-*

*ers Club Franchising Corp.*, 312 F.3d 909, 911 (8th Cir.2002) (where the notice of appeal named only the son and not his father as appellant, the court lacked jurisdiction over the father's claims); *Clay v. Fort Wayne Cmty. Schs.*, 76 F.3d 873, 876 (7th Cir.1996) (in a case where student and adult plaintiffs brought a civil rights case against a school system, court lacked jurisdiction to review claims brought by the student plaintiffs because the notice of appeal made no reference to those plaintiffs).

Indeed, there is good reason to believe that our Rule 3 is more demanding than its federal counterpart. As we observed in *Vines v. Manufacturers & Traders Trust Co.*, 935 A.2d 1078, 1083 (D.C.2007), Federal Appellate Rule 3(c)(5) "states simply: 'Form 1 in the Appendix of Forms is a suggested form of a notice of appeal.'" "In contrast," our Rule 3(c)(5) "encourage[s]" parties to "use Form 1 in filing all but criminal appeals," and cautions that:

> [f]ailure to provide any of the information requested on Form 1 or Form 2, *except for the specification of the party or parties taking the appeal and the designation of the judgment or order, or part thereof being appealed,* will not deprive the court of jurisdiction to consider the appeal. An appeal nevertheless may be dismissed if, after notice, the party or parties taking the appeal fail to provide the information requested by Form 1 or Form 2.

*Id.* (quoting Rule 3(c)(5) (emphasis added)). Thus, under our rule, even more so than under the federal rule, "there is an implicit warning ... that the liberal construction of the rule will not apply if a party fails" to specify the party purporting to take an appeal. *Id.* (*Vines* refused to apply liberal construction to the aspect of Rule 3 that requires a notice of appeal to designate the judgment or order being appealed, but *Vines'* reasoning plainly applies to the other exception listed in Rule 3(c)(5)—the specification-of-parties requirement at issue here.)

■ Turning to the facts of this case, we hold that under the plain language of Rule 3, as well as the cases interpreting that rule, the latest notice of appeal filed in this case is ineffective to preserve for review the claims of plaintiffs other than Patterson—*i.e.,* the only plaintiffs with live claims. As mentioned above, the notice of appeal lists only Patterson as the "appellant." Further, the notice designates the attorney filing the notice—the same attorney who twice previously listed each of the plaintiffs as appellants—as "Counsel for Plaintiff," in the singular. More than that, the notice does not refer, as permitted by Rule 3(c)(1)(A), to "all plaintiffs," does not say "et al." after Patterson, and does not otherwise state in any of the myriad ways permitted by revised Rule (3)(c)(1)(A) that anyone other than Patterson is seeking review. To be sure, as plaintiffs write, the notice "contains express references to the order below and the procedural history of the case." Such references, however, do not suffice to demonstrate compliance with the rule. *See Paramedics Electromedicina,* 369 F.3d at 656–57; *Maerki,* 128 F.3d at 1007. The notice, in short, specifies only Patterson as the party taking the appeal, and we thus lack jurisdiction to hear the claims of the other plaintiffs. Patterson's claim, in turn, is not before us because it has been settled.

Our conclusion would not change even if—contrary to the holding in *Vines* that the "exception" in Rule 3(c)(5) does not permit liberal construction of the specification-of-parties requirement of Rule 3(c)(1)(A) (*see* 935 A.2d at 1083)—we were to accept plaintiffs' invitation to construe Rule 3(c)(1)(A) liberally. As we have observed, "liberal construction is not reconstruction." *Adjei v. District of Columbia*

*Dep't of Employment Servs.*, 817 A.2d 179, 184 (D.C.2003). Yet reconstruction is precisely what plaintiffs seek in this case; if we were to hold that we have jurisdiction to consider plaintiffs' appeals, we "would render the requirements of Rule 3 meaningless." *Billino*, 123 F.3d at 726 (a "complete *failure* to name the party taking the appeal creates a fatal defect" that liberal construction cannot overcome); *see also Smith v. Barry*, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) (the "principle of liberal construction does not . . . excuse noncompliance with the Rule. . . . Although courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal."). It is unsurprising that, liberal construction notwithstanding, none of the cases cited by plaintiffs excuses a wholesale failure to identify an appellant in the notice of appeal. *Sather v. Commissioner of Internal Revenue*, 251 F.3d 1168, 1172 (8th Cir. 2001), is plaintiffs' best case, but there, unlike here, the notice of appeal stated "et al." following the name of the named appellant. Plaintiffs' remaining cases are distinguishable because they: (i) involved the independent—and, judging by the case law, more forgiving—requirement of Rule 3 that the notice of appeal designate the order appealed, *see Perry v. Sera*, 623 A.2d 1210, 1214–15 (D.C.1993); *Independent Petroleum Ass'n v. Babbitt*, 235 F.3d 588, 593 (D.C.Cir.2001); (ii) despite dicta that arguably is favorable to the plaintiffs, ultimately dismissed appeals for noncompliance with Rule 3, *see Twenty Mile Joint Venture, PND, Ltd. v. Commissioner of Internal Revenue*, 200 F.3d 1268, 1274 (10th Cir.1999); or (iii) considered a question not presented in this case, to wit, whether a "motion to certify the district court's order denying dismissal" constituted the "functional equivalent" of a notice of appeal, *Berrey v. Asarco Inc.*, 439 F.3d 636, 641–42 (10th Cir.2006) (quotation marks omitted).

■ Recognizing that, contrary to the requirement of Rule 3(c)(1)(A), the notice of appeal in this case does not "nam[e]" each party seeking to appeal, plaintiffs seek refuge in Rule 3(c)(4). That rule precludes dismissal "for failure to name a party whose intent to appeal is otherwise clear from the notice." In arguing that their intent to appeal was clear from the notice of appeal, plaintiffs point out that shortly after their attorney filed the notice, the District of Columbia filed a mediation statement in this court. In the statement, the District captioned the case as *"Terrie Patterson, et al. v. District of Columbia"* and acknowledged that Patterson's claims were no longer before the court.

Plaintiffs' reliance on the mediation statement fails for several reasons. To begin, there is the language of Rule 3(c)(4), which says that a party's intent to appeal must be gleaned *"from the notice."* (Emphasis added); *cf. Smith*, 502 U.S. at 248, 112 S.Ct. 678 ("the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal"). Consistent with the plain language of the rule, we have looked to the "text" of a notice of appeal, not to surrounding circumstances, to gauge compliance with the rule. *Thoubboron*, 749 A.2d at 748; *see also Paramedics Electromedicina*, 369 F.3d at 656–57 (similar); *Meehan*, 312 F.3d at 911 (similar); *United States v. Carelock*, 459 F.3d 437, 442–43 (3d Cir.2006) (similar); *cf. Perry*, 623 A.2d at 1215 (holding that appellant complied with Rule 3(a)'s requirement to designate the judgment or order appealed where it was "clear from the face of the Notice of Appeal" which judgment appellant sought to appeal). And just as importantly, under the Supreme Court's teaching in *Smith*, the statement cannot be

factored into the Rule 3 analysis because it was filed after plaintiffs' time for noting their appeal lapsed. *See* 502 U.S. at 248–49, 112 S.Ct. 678; *cf. Clay*, 76 F.3d at 877 ("We may not treat briefs as incorporating a notice of appeal where the briefs are filed after the prescribed time for lodging a notice of appeal.").

■■■ Plaintiffs' final argument against dismissal is that the District "does not claim that it suffered prejudice as a result of any technical omissions in the Notice." We are not persuaded. Initially, we doubt that the absence of prejudice should ever have bearing on a case like this. As Justice Marshall explained in *Torres*, 487 U.S. at 317 n. 3, 108 S.Ct. 2405, " 'harmless error' analysis" does not apply to "defects in a notice of appeal" because the very "nature of a jurisdictional requirement" is that "a litigant's failure to clear a jurisdictional hurdle can never be 'harmless' or waived by a court." *See also Bowles v. Russell*, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) ("this Court has no authority to create equitable exceptions to jurisdictional requirements"); *Marrs v. Motorola, Inc.*, 547 F.3d 839, 841 (7th Cir. 2008) ("lack of prejudice is not a defense to the application of Rule 3(c)"). Nothing in the 1993 amendment changes this conclusion; neither amended Rule 3, nor the Advisory Committee Notes to the 1993 amendments speak of "prejudice." Plaintiffs cite a smattering of cases from outside jurisdictions that have found the absence of prejudice relevant, but those cases involved the requirement in Rule 3(c)(1)(B) that the notice designate the judgment on appeal, not the aspect of Rule 3 that is at issue in this case. *See, e.g., Indep. Petroleum Ass'n*, 235 F.3d at 593; *Sather*, 251 F.3d at 1172. And even if the absence of prejudice could ever be relevant, in this case, as in a case that plaintiffs themselves cited, the "fact that the [appellee] may have suffered no prejudice is not dispositive." *Twenty Mile*, 200 F.3d at 1274. Thus, assuming for the sake of argument that the District was not prejudiced by the defective notice of appeal, any lack of prejudice cannot blind us to the notice's utter failure to specify that plaintiffs other than Patterson sought to appeal.

In closing, we appreciate that dismissal here may seem harsh. Sympathy for the plaintiffs, however, cannot alter our analysis. *See Billino*, 123 F.3d at 725 (noncompliance with Rule 3(c)(1)(A) is "no minor problem that we may overlook in the interests of some general notion of equitable relief"). "By definition all rules of procedure are technicalities; sanction for failure to comply with them always prevents the court from deciding where justice lies in the particular case, on the theory that securing a fair and orderly process enables more justice to be done in the totality of cases." *Torres*, 487 U.S. at 319, 108 S.Ct. 2405 (Scalia, J., concurring). Even post–1993 amendment cases recognize this point. For instance, in *Billino*, after Billino died during the pendency of a suit, his widow (and the administratrix of his estate), La Civita, moved to substitute herself as the plaintiff in the suit. 123 F.3d at 724. The district court denied her motion, and La Civita sought to appeal. Because the notice of appeal named only Billino, not La Civita, the Second Circuit dismissed the appeal for lack of jurisdiction. *Id.* at 727. Especially in view of the fact that in the two prior installments of this litigation the same attorney who filed the notice in the instant appeal listed all of the plaintiffs in the notices of appeal, dismissal here is far less harsh than in *Billino*. Ultimately, however, all that matters is that just like the plaintiff in *Billino* (and the host of other cases cited above), the plaintiffs in this case failed to comply with Rule 3(c)(1)(A), and we therefore lack jurisdiction to hear their claims.

### III.

The appeal is

*Dismissed.*