**GRAND HYATT WASHINGTON,**
Petitioner,

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,**

and

**Cornelius Byrnes, Intervenor.**

No. 07–AA–374.

District of Columbia Court of Appeals.

Argued Nov. 20, 2008.

Decided Dec. 23, 2008.

---

Jeffrey W. Ochsman, Washington, DC, for petitioner.

Linda Singer, Attorney General for the District of Columbia at the time the brief was filed, Todd S. Kim, Solicitor General, Donna M. Murasky, Deputy Solicitor General, and William J. Earl, Senior Assistant Attorney General, filed a statement in lieu of brief for respondent.

Ryan P. Richie, Upper Marlboro, MD, for intervenor.

Before REID and BLACKBURNE–RIGSBY, Associate Judges, and PRYOR, Senior Judge.

PRYOR, Senior Judge:

Notwithstanding an existing settlement agreement regarding compensation for legal services rendered on behalf of a claimant in a workers compensation case, the Department of Employment Services (DOES) Compensation Review Board (CRB) upheld a separate claim for attorneys fees subsequent to the agreement. Petitioner, Grand Hyatt Washington (Hyatt), seeks review of this ruling assert-

ing that additional fees are precluded by statute, D.C.Code § 32–1508(8), and by the settlement agreement. In our view significant questions, regarding finality, bearing on the legal fees were not adequately addressed administratively, and we are compelled to vacate the order under review and remand the case for further consideration.

## I.

This matter stems from a claim made by Ryan P. Richie ("Richie") requesting the assessment of attorneys fees and costs against Hyatt in relation to a workers compensation claim arising out of claimant Cornelius Byrnes's work injury at the Hyatt. On July 12, 2004, an administrative law judge (ALJ), after a formal hearing, issued a compensation order awarding the claimant temporary total disability and medical benefits. Claimant Byrnes's counsel, Richie, petitioned the DOES Office of Hearings and Adjudications (OHA), Administrative Hearings Division, for an award of attorneys fees and costs to be assessed against Hyatt for work completed between 2002 and 2004. After other pleadings were filed, the application for attorneys fees and costs was not ruled upon at that time. Hyatt subsequently made two requests, despite opposition, to

modify the initial compensation order. A subsequent formal hearing was scheduled in the matter and during the course of discovery for the hearing, the parties reached a settlement.

On or about December 15, 2005, the parties filed a lump-sum settlement agreement executed by all parties in connection with the case. On December 20, 2005, the Office of Workers' Compensation approved the settlement, and Hyatt paid monies pursuant to the terms agreed upon by the parties. This settlement included a provision for attorneys fees and costs,[1] and a provision discharging Hyatt from any further liability.[2] On December 14, 2006, approximately one year after the approval of the lump-sum settlement, Richie made inquiry regarding the status of his prior application for attorneys fees and costs. On December 28, 2006, an order issued awarding attorneys fees of $9,375.75 and costs of $1,056.05 to be assessed against Hyatt. The ALJ stated in a footnote that the lump-sum settlement did not preclude an attorneys fee award because she "views the benefits secured by claimant's counsel until this point in time, as separate from the additional ones secured in the later occurring case, for claimant through the efforts of counsel. Moreover, the settle-

---

**1.** Paragraph 10 states: "Counsel for the claimant, Ryan Richie, is requesting the approval of an attorney's fee in the amount of $3,000 and costs in the amount of $1,678.71 which fee and costs have been fully discussed with the claimant and the claimant agrees that said fee and costs are fair and reasonable. The claimant further understands that said fee and costs will be deducted from the amount of the settlement and made a lien thereon."

**2.** Paragraph 9 states: "The claimant, after having fully discussed this case with his attorney, fully understands that he is not obligated nor required to settle this case and does further understand that this settlement will discharge the employer, Grand Hyatt

Washington, and any of its agents, members, managers, officers, servants, employees, successors, subsidiaries or affiliates from any further liability in this case, including, but not limited to, compensation and/or medical benefits that may be payable pursuant to the Act; it being expressly agreed and understood by the parties that the claimant's medical care is unrelated to the June 21, 2001 injury, but rather is as a result of the superseding, intervening automobile accident in February 2003. It is further agreed that under no circumstances shall the claimant receive any indemnity benefit and that this agreement is the full statement of the rights and obligations of the parties hereto."

ment agreement referenced by the parties does not explicitly address any and all prior claims. Thus, it is appropriate to render an award herein."

Following the entry of the order awarding additional attorneys fees and costs, Hyatt noted its request for review to the CRB. On review, the CRB upheld the award of an additional attorneys fees, stating:

> As the ALJ correctly points out in her footnote, the settlement agreement referenced by the parties does not explicitly address any and all prior claims. . . . Thus, the Panel must reiterate that a full and final settlement of "this case" refers to the new developments in this matter and not to the amount awarded and paid to petitioner in the 2004 Compensation Order. . . . Neither the subsequent settlement nor the subsequent attorney fee have any relation to the original Compensation Order . . .

Hyatt seeks review of this order.

## II.

▆▆▆ ·This court reviews DOES decisions to determine whether they are "[a]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." D.C.Code § 2–510(a)(3)(A). The court's review of an administrative agency's decision is "limited to the record on appeal" and the court "cannot consider issues or evidence not presented to the agency." *Mack v. District of Columbia Dep't of Employment Servs.*, 651 A.2d 804, 806 (D.C.1994). We affirm an administrative agency decision when (1) the agency made findings of fact on each materially contested issue of fact, (2) substantial evidence supports each finding, and, (3) the agency's conclusions flow rationally from its findings of fact. *Perkins v. District of Columbia Dep't of Employment Servs.*, 482 A.2d 401, 402 (D.C.1984) (internal citations

omitted). Of course, we defer to an agency's findings if they are "supported by substantial evidence in the record considered as a whole." *Cooper v. District of Columbia Dep't of Employment Servs.*, 588 A.2d 1172, 1174 (D.C.1991); *see also* D.C.Code § 2–510(a)(3)(E).

## III.

### A.

The issue presented in this instance is straightforward. Hyatt contends that CRB erred in approving the award of attorneys fees where the underlying case had previously been resolved by an agency-approved lump-sum settlement. Hyatt points to the Workers' Compensation Act, D.C.Code § 32–1508(8), which states "[t]hese settlements shall be the complete and final dispositions of a case and shall be a final binding compensation order," and urges that the approval of the lump-sum settlement by the Office of Workers' Compensation constitutes a complete and final disposition of this case. Hyatt argues the CRB's interpretation is contrary to the plain meaning of the statute because there is only one claim or "case" in this matter—Byrnes's claim arising from his June 21, 2001 work injury—and the claim for attorneys fees is derivative of that claim. In addition, Hyatt contends the settlement agreement between the parties, and specifically paragraph 9 of that agreement, completely disposes of all rights and obligations of the parties, including any prior claims for fees and costs.

Richie contends the parties did not contemplate that attorneys fees requested by Richie on December 8, 2004, were included in the settlement because the parties were awaiting a decision regarding the request. He points to the absence of any reference to a discharge of the fees requested in December as evidence that the

parties did not consider those fees as part of the agreement. Richie asserts that OHA merely acted on a request that was pending prior to the settlement, for work completed before the settlement and not addressed in the settlement, so the settlement agreement does not bar the award of the fees.

## B.

In exercising our role of appellate review, we observe that the administrative orders in this case are silent with regard to material questions which significantly affect the resolution of the issue presented. Certainly the pertinent provision of the statute cited offers a guidepost to be considered. D.C.Code § 32–1508(8) provides:

> The Mayor may approve lump-sum settlements agreed to in writing by the interested parties, discharging the liability of the employer for compensation, notwithstanding §§ 32–1516 and 32–1517, in any case where the Mayor determines that it is in the best interest of an injured employee entitled to compensation or individuals entitled to benefits pursuant to § 32–1509. The Mayor shall approve the settlement, where both parties are represented by legal counsel who are eligible to receive attorney fees pursuant to § 32–1530. These settlements shall be the complete and final disposition of a case and shall be a final binding compensation order.

Similarly, the language of the settlement agreement has customary provisions often utilized in similar agreements to conclude a legal dispute. Indeed, the language of such agreements has an appreciable effect, as to finality, on the manner in which lawyers—on a daily basis—negotiate and conclude settlements.

■ In its order, the CRB did not provide any statutory analysis of D.C.Code § 32–1508(8), nor discuss how it might bear on the issues to be decided. Instead, it stated that the settlement only covered "new developments" without any explanation of why these developments are not the same "case" under the statute as the claim arising from Byrnes's work injury. "As the agency recognized as having special competence to decide matters within its expertise," the Department of Employment Services "is entrusted in the first instance with responsibility to interpret the Workers' Compensation Act." *Teamsters Local Union 1714 v. Public Employee Relations Bd.*, 579 A.2d, 706, 710 (D.C. 1990) (internal citations and quotation marks omitted); *see also King v. District of Columbia Dep't of Employment Servs.*, 742 A.2d 460, 466 (D.C.1999) ("Ordinarily ... this court will not attempt to interpret the agency's statute until the agency itself has done so.... Instead, we will remand to permit the agency to engage in the necessary analysis of the legislation it is charged with carrying out."). When the administrative agency does not "conduct an analysis of the language, structure, or purpose of the statutory provision, it would be incongruous to accord substantial weight to [the] agency's determination." *Proctor v. District of Columbia Dep't of Employment Servs.*, 737 A.2d 534, 538 (D.C.1999).

■ In addition, the CRB did not articulate any analysis of the release language in the settlement agreement to determine whether it included the previous application for attorneys fees. *See McGee v. Marbury*, 83 A.2d 157, 159 (D.C.1951) ("The general rule is that a compromise and settlement operates as a merger of and bars the right to recovery on any claim included therein."). Settlement agreements and releases are contractual in nature and are interpreted under the same rules as contracts. This jurisdiction follows an "objective law" of contracts which

means that the written language will govern the parties' rights, unless it is not susceptible of clear meaning. *Patterson v. District of Columbia,* 795 A.2d 681, 683 (D.C.2002).

■ In sum, the administrative orders in this case simply traced the chronology of events in the case without expressly interpreting and applying the provisions of the statute and the agreement to the circumstances. That is the deficiency in the orders. The agency must elaborate the legal and factual bases of its interpretations in order for an appellate court to defer to its decision. *See Teamsters Union 1714, supra,* 579 A.2d at 706. In this instance we conclude that the final order is inadequate.

Therefore, we vacate the final order of DOES and remand this case with directions to determine whether the settlement agreement is "the complete and final disposition" of this "case" and a "final binding compensation order" under § 32–1508(8) and in light of paragraph 9 and 10 of the agreement.

*So ordered.*