*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 22-AA-7

MELVIN SCHWECHTER, PETITIONER,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, RESPONDENT,

and

BAKER & HOSTETLER, LLP and PACIFIC INDEMNITY COMPANY, INTERVENORS.

Petition for Review of an Order of the
District of Columbia Compensation Review Board
(CRB-78-21)

(Argued October 12, 2022                    Decided January 5, 2023)

*Adrian Gucovschi*, with whom *Dirk McClanahan* was on the brief, for petitioner.

*Karl A. Racine*, Attorney General for the District of Columbia, *Caroline S. Van Zile*, Solicitor General, *Ashwin P. Phatak*, Principal Deputy Solicitor General, and *Richard S. Love*, Senior Assistant Attorney General, filed a statement in lieu of a brief for respondent.

*Naureen R. Weissman*, with whom *Laura S. McKenzie* was on the brief, for intervenors.

*Jose L. Estrada*, *Jillian M. Petrella*, and *John P. Rufe* filed a brief for the Association of Compensation Insurance Attorneys, *amicus curiae*, in support of respondent.

*Benjamin E. Douglas* filed a brief for Steamfitters Local 602 and Teamsters Local 639, *amici curiae*, in support of respondent.

Before EASTERLY, MCLEESE, and HOWARD, *Associate Judges*.

MCLEESE, *Associate Judge*: Petitioner Melvin Schwechter agreed to a lump-sum settlement of a workers' compensation claim against his employer, intervenor Baker & Hostetler, LLP.  He challenges an order of the Compensation Review Board (CRB) affirming the denial of his application to modify the settlement.  We affirm.

## I.  Factual and Procedural Background

The following facts appear to be undisputed for current purposes.  Mr. Schwechter was severely injured in a bicycle accident at a partners' retreat held by Baker & Hostetler, the law firm where he worked.  The accident left him with paraplegia.  An Administrative Law Judge (ALJ) denied Mr. Schwechter's workers' compensation claim, ruling that the accident did not arise out of and in the course of Mr. Schwechter's employment, as required by the District of Columbia Workers' Compensation Act of 1979 (WCA), D.C. Code § 32-1501 et seq.  Mr. Schwechter appealed the ALJ's decision to the CRB.

While that appeal was pending, Mr. Schwechter and Baker & Hostetler entered into a lump-sum settlement of the claim. Lump-sum settlements under the WCA are governed by D.C. Code § 32-1508(8), which provides in relevant part that:

> [t]he Mayor may approve lump-sum settlements agreed to in writing by the interested parties, discharging the liability of the employer for compensation . . . in any case where the Mayor determines that it is in the best interest of an injured employee entitled to compensation . . . . These settlements shall be the complete and final dispositions of a case and shall be a final binding compensation order.

The agreement provided that Baker & Hostetler would pay Mr. Schwechter a lump sum of $1,050,000 in exchange for a "full, final and complete resolution of all of [Mr. Schwechter's] and his spouse's/dependent's indemnity and medical claims arising out of the alleged work related accident." The agreement also provided that the settlement was "intended as full payment in compromise of any and all claims that have been or could be presented." The agreement stated that Mr. Schwechter had been "fully advised of his rights under the [WCA] and acknowledges that by settling this Claim, [he] has voluntarily agreed to close this matter and bar any and all further efforts of recovering benefits or compensation pursuant to this claim other than those set forth in this Agreement."

Less than a year later, Mr. Schwechter filed an application for a formal hearing with the Administrative Hearings Division (AHD), seeking to modify the agreement pursuant to D.C. Code § 32-1524(a), which provides in relevant part that:

> [a]t any time prior to 1 year after the date of the last payment of compensation or at any time prior to 1 year after the rejection of a claim . . . the Mayor may, upon [the Mayor's] own initiative or upon application of a party in interest, order a review of a compensation case . . . where there is reason to believe that a change of conditions has occurred which raises issues concerning . . . [t]he fact or the degree of disability or the amount of compensation payable pursuant thereto . . . .

After a request for modification is filed, the Mayor must review the request and "shall issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation previously paid, or award compensation." D.C. Code § 32-1524(c).

Mr. Schwechter's application rested on the claim that his medical condition had worsened and expenses for his care had unexpectedly increased as a result of lapses in treatment during the COVID-19 pandemic. Mr. Schwechter argued that § 32-1508(8)'s designation of lump-sum settlements as "final binding compensation

order[s]" meant that such agreements are subject to modification under § 32-1524(a).

An ALJ granted Baker & Hostetler's motion to dismiss the application. The CRB affirmed, ruling that lump-sum settlements entered into pursuant to § 32-1508(8) cannot be modified.

## II. Analysis

The parties dispute whether this court should review the CRB's ruling de novo or with deference to the CRB's reasonable interpretation of the relevant statutory provisions. We have often given deference to the CRB's reasonable interpretation of the WCA. *E.g.*, *Howard Univ. Hosp. v. D.C. Dep't of Emp. Servs.*, 267 A.3d 1068, 1070 (D.C. 2022). Recent decisions of this court, however, have raised some questions about the extent to which the CRB is entitled to deference in its interpretation of the WCA and the public-sector worker's compensation statute. *See, e.g.*, *D.C. Dep't of Corr. v. D.C. Dep't of Emp. Servs.*, 281 A.3d 588, 592 (D.C. 2022) (noting disagreement between parties about whether this court should defer to Office of Risk Management or CRB on legal issue arising under public-sector workers' compensation statute, and declining to decide issue); *Frazier v. D.C. Dep't*

*of Emp. Servs.*, 229 A.3d 131, 148 (D.C. 2020) (McLeese, J., dissenting) (noting that "under the federal workers' compensation system, the Supreme Court has indicated that special deference was not owed to the analogue of the CRB") (citing *Potomac Elec. Power Co. v. Dir., Off. of Workers' Comp. Programs*, 449 U.S. 268, 278 n.18 (1980) ("It should also be noted that the Benefits Review Board is not a policymaking agency; its interpretation of the [federal workers' compensation statute] thus is not entitled to any special deference from the courts.")). We need not address that issue, however, because we agree with the CRB's conclusion as applied to the circumstances of this case.

The agreement in this case provided that it was a "full, final and complete resolution" of all claims arising out of the accident. Mr. Schwechter also explicitly acknowledged that the agreement barred any and all future recovery of benefits or compensation pursuant to the claim. The agreement thus unambiguously precluded modification of the lump-sum amount. Mr. Schwechter does not challenge the validity of the agreement. At least in those circumstances, we agree with the CRB that it is not permissible under the WCA to modify a lump-sum settlement. *See generally, e.g.*, *Grand Hyatt Wash. v. D.C. Dep't of Emp. Servs.*, 963 A.2d 142, 146-47 (D.C. 2008) ("Settlement agreements . . . are contractual in nature and are

interpreted under the same rules as contracts. ... [T]he written language will govern the parties' rights, unless it is not susceptible of clear meaning.'').

In light of our holding, we need not and do not reach the broader question whether lump-sum settlements can ever be modified under D.C. Code § 32-1524(a).

Mr. Schwechter also challenges the authority of the AHD under the WCA to decide an employer's motion to dismiss a claimant's request for a hearing. We decline to decide that issue. Whatever administrative body should have decided the motion to dismiss in the first instance, it appears to be undisputed that the CRB had jurisdiction to consider whether dismissal was warranted. It also appears to be undisputed that this court has jurisdiction to review the ruling of the CRB. Further, in the order now on review, the CRB did not directly address the ALJ's authority under the WCA to rule on a motion to dismiss. In the circumstances of this case, therefore, we need not decide that question.

For the foregoing reasons, the order of the CRB is

*Affirmed.*